Pease v. Delaware, &c. R. R. Co.

WILLIAM PEASE, Plaintiff, *against* THE DELAWARE, LACKA-
WANNA & WESTERN RAILROAD COMPANY, Defendant.

(Decided April 3d, 1882.)

Although the court has no jurisdiction of an action against a foreign cor-
poration, bought by a non-resident of the state, to recover damages for
a personal injury committed out of the state, yet the objection, being for
want of jurisdiction of the person of the defendant, not of the subject-
matter, may be waived; and it is waived if the defendant fails to take
the objection in its answer, or before answering.

EXCEPTION taken at a trial term of this court ordered to be
heard in the first instance at general term.

The action was brought against defendant, a foreign cor-
poration, for an injury to the person of plaintiff, committed
n New Jersey.

The answer was a defense to the merits. On the trial it
appeared that plaintiff, at the time of commencing the action,
had his legal residence in the state of New Jersey, and that
he had a place of business in the city of New York and spent
most of his time in that city. The court dismissed the com-
plaint under authority of *Harriott* v. *The New Jersey R. R.
&c. Co.* (2 Hilt. 262). Plaintiff excepted, and the exception
was ordered to be heard in the first instance at the general
erm.

*Edward B. Kennedy*, for plaintiff.

*Hamilton Odell*, for defendant.

J. F. DALY, J.—[After stating the facts as above.]—When
the case of *Harriott* v. *The New Jersey R. R. &c. Co.* (2 Hilt.
262) was decided, it was assumed that this court had no juris-
diction of the *subject-matter* of an action like the one before
us, because section 33 of the Code of Procedure, which defined
the jurisdiction of this court, limited its jurisdiction in actions

against · foreign corporations to such causes of action when they arose within this state. This construction of that decision was adopted by the Court of Appeals in the case of *McCormick* v. *Pennsylvania Central R. R. Co.* (49 N. Y. 308), distinguishing between the limited jurisdiction of the Common Pleas and the general jurisdiction of the Supreme Court (see also *Gibbs* v. *Queen Ins. Co.,* 63 N. Y. 114) ; and it was, therefore, held that the appearance and general answer of the defendant was not a waiver of objection to the jurisdiction of of the Court of Common Pleas, because jurisdiction of the subject matter (as distinguished from the person), could not be conferred by consent.

In these decisions, section 427 of the Code of Procedure, which gave the same jurisdiction to the Court of Common Pleas in actions against foreign corporations, which is conferred upon the Supreme Court, seems to have been overlooked. The jurisdiction of this court under the present Code (Code Civ. Pro. §§ 263, 1780, as to actions against foreign corporations) is substantially the same as it was under the old Code ; and it has the same jurisdiction as the Supreme Court in such actions. The only limitation upon our jurisdiction in actions brought by *non-residents* against foreign corporations is to be found in the general provision of the Code (§ 1780) which is applicable to all the courts of the state, and provides that an action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only : 1. Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within the state at the time of the making thereof. 2. Where it is brought to recover real property situated within the state, or a chattel which is replevied within the state. 3. Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state.

A similar limitation to cognizance of causes of action arising within the state, was contained in section 427 of the for-

Pease *v.* Delaware, &c. R. R. Co.

mer Code, defining the actions which might be brought by a non-resident, against a foreign corporation, in the Supreme Court, the Superior Court and the Court of Common Pleas; yet notwithstanding that limitation it was held that the Supreme Court could acquire jurisdiction of actions brought by non-residents upon causes of action arising out of the state, if objection to the jurisdiction were not taken before answer or by answer; that the Supreme Court had jurisdiction of the subject-matter of such an action, and acquired jurisdiction of the person of the defendant by its consent, expressed by appearing and answering generally (*McCormick* v. *Pennsylvania Central R. R. Co.*, cited above).

There being no limitation upon the jurisdiction of this court which does not apply to the Supreme Court, it has jurisdiction of any cause of action against a foreign corporation where the summons is served as prescribed in the act, and the action is brought by a resident of the city. Its jurisdiction of the subject-matter is not restricted.

Where, however, the action is brought by a non-resident for a cause of action arising out of the state, it cannot acquire jurisdiction of the person of defendant except by consent. This is the case with all the courts of the state. Jurisdiction of the person may be conferred by consent expressed by failure to make objection in the answer, or before answering.

The case of *Harriott* is, therefore, no authority for dismissing such an action after defendant has appeared and answered generally. Objection to the jurisdiction must be taken by answer, or if the facts are undisputed, by motion before answer (*Crowley* v. *Royal Exchange Shipping Co.*, *ante*, p. 409).

The exception is well taken, and a new trial must be ordered, with costs to abide event.

VAN BRUNT, P. J., and VAN HOESEN, J., concurred

Exception sustained and new trial ordered, with costs to abide event.