SAMUEL McLEAN, Appellant, *against* THE ST. PAUL & CHICAGO RAILWAY COMPANY, Respondent.

(Decided February 1st, 1886, and June 7th, 1886).

Although a party to an action has, as a condition imposed by the court upon granting a favor accepted by him, waived the benefit of a contract as an admission of a statement or settlement of an account, the contract may still be evidence as to any other recitals contained in it showing the relations of the parties; and, with other sufficient evidence, may be submitted to the jury upon the question of an account stated.

The fact that the complaint in an action in a superior city court contains averments showing want of jurisdiction of the court over the parties does not justify the court in refusing to proceed with the case if defendant appears and fails to plead the want of jurisdiction.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at the trial.

The facts are stated in the opinion.

*D. M. Porter*, for appellant.

*C. W. Bangs*, for respondent.

LARREMORE, Ch. J.—Two causes of action were alleged in the complaint upon transactions between Henry Thornton, J. G. T. Child and others, the plaintiff's assignors, and the St. Paul and Pacific Railway Company, the predecessor of the St. Paul and Chicago Railway Company, a corporation of the State of Minnesota. The first cause of action was based upon a contract made August 4th, 1865, between the Pacific Railway Company and Thornton and Child to grade a railroad from Winona to St. Paul, in the State of Minnesota, or furnish the money therefor.

The second cause of action refers to the contract above mentioned, and then sets up a subsequent contract between the parties dated June 9th, 1868, reciting the furnishing of money by Thornton and his associates in the interest of the

company, which it was agreed amounted to the sum of
£14,870 6s. 3d. This latter agreement also provided for
the delivery to Child of the first mortgage bonds of the
company to the amount of $140,000 par value. The agree-
ment contained many other provisions and stipulations
which it is unnecessary now to consider, because at a pre-
vious trial of this action the court allowed the plaintiff to
withdraw a juror in order to produce proof of the actual
expenditure under the contract of 1865 for constructing the
branch road from Winona to St. Paul, on condition that
plaintiff waive the benefit of the subsequent contract as an
admission of a statement or settlement of account for such
expenditures. The plaintiff accepted the condition, the
case was re-tried and the complaint dismissed. From the
order dismissing the complaint the plaintiff appeals.

The case is thus narrowed down to the question of an
account stated between the parties, and whether or not
there was any evidence to be submitted to the jury upon
this point.

The contract of 1865 is admitted by the answer. The
testimony shows that advances to the amount claimed were
actually made. It also appears that an account was sent to
the defendant, to which it is claimed that no objection was
made.

The testimony is too voluminous to refer to in detail, but
after a careful inspection of it I think the question as to an
account stated should have been left to the jury (*Lockwood*
v. *Thorn*, 11 N. Y. 170 ; 18 N. Y. 285).

The testimony of Edmund Rice, president of the com-
pany, and the correspondence had between the parties, was
proper evidence from which to infer an agreement. Rice
was acting within the general line of his duties as president,
and under the ruling of *The Chemical National Bank* v.
*Kohner* (85 N. Y. 189, reversing 8 Daly 530), it does not
seem that a vote of the directors of the company was neces-
sary to give validity to the contract.

While the plaintiff was precluded by his stipulation upon
the former trial from using the contract of June, 1868, as

evidence or an admission of an account stated, it certainly was evidence as to any other recital contained in it showing the relations of the parties.

It appears to me that all the evidence not covered by the waiver of stipulation should have been submitted to the jury to determine whether or not the defendant had ratified and accepted the act of its predecessor.

The question as to jurisdiction comes too late. It was not raised in the court below, and after two trials without objection upon that point it must be assumed that the parties to the action have voluntarily submitted to the jurisdiction of the court.

But for the reasons above stated I think the judgment should be reversed and a new trial ordered, with costs to abide the event.

ALLEN and BOOKSTAVER, JJ., concurred.

At the new trial of the action, had in accordance with the foregoing opinion, the complaint was dismissed for want of jurisdiction, as it appeared on the face of the complaint that the action was against a foreign corporation, and that plaintiff was not a resident of the City of New York, but of the City of Brooklyn. The objection to the jurisdiction was not pleaded in the answer. From the judgment for defendant entered upon the dismissal of the complaint plaintiff appealed.

J. F. DALY, J.—The Code declares that want of jurisdiction in the superior city courts is matter of defense, and is waived by appearance unless it is pleaded in the answer (Code Civ. Pro. § 266). It thus appears that want of jurisdiction is a defect which the defendant may waive. If he waives it the court should proceed, notwithstanding it may appear that if the objection were properly taken to the jurisdiction such objection would be sustained. The fact that the complaint contains averments which invite the objection of want of jurisdiction, and furnish proof in support of

such a plea, does not justify the court in refusing to proceed with the case if the defendant declines to take the objection in the way pointed out by law. The option is with the defendant; his consent in effect confers jurisdiction, for he may and does waive objection by failure to plead want of jurisdiction as a defense. We so held in *Pease* v. *Delaware &c. R. Co.* (10 Daly 459); and the question is settled by the decision in *Popfinger* v. *Yutte* (102 N. Y. 38), on appeal from the Superior Court. The jurisdiction of this court and the Superior Court in such a case is identical, and section 266 of the Code applies to both courts.

The judgment should be reversed and a new trial ordered, with costs to abide event.

ALLEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.