BARBARA POPFINGER, Respondent, *v.* HENRY YUTTE et al., Appellants.

The provision of the State Constitution of 1846 (Art. 14, § 12), continuing the local city courts with their then powers and jurisdiction "until otherwise directed by the legislature," was superseded by the provision of the judiciary article of the Constitution, as amended in 1869 (Art. 6, § 12)

in reference to said courts; and as, by the latter provision, the then exist-
ing powers and jurisdiction of said courts are permanently continued,
and no authority is given to the legislature to take away any of their
powers or jurisdiction, a statute attempting so to do is unconstitutional.
Accordingly *held*, that, as, at the time of the adoption of said amended judi-
ciary article the Superior Court of the city of New York had, within its
territorial limits, general jurisdiction in equity co-equal with that of the
Supreme Court, the provision of the Code of Civil Procedure (§ 263, subd.
5), which purports to confine that jurisdiction, in actions by judgment
creditors, to actions on its own judgments, is inoperative and void.

An objection to the jurisdiction of said Superior Court is, under the Code
of Civil Procedure (§ 266), matter of defense, and is waived by defend-
ant's appearance, unless pleaded.

In an action by plaintiff, as judgment creditor of defendant H., to reach
certain real estate in the hands of defendant C., the wife of H.,
it appeared that, after the indebtedness to plaintiff was incurred,
H. conveyed certain premises to R., subject to mortgages thereon,
to secure certain claims held by R. against him. This conveyance
was not found to be fraudulent in any respect. R. sold the prem-
ises, receiving in exchange a mortgage thereon for himself and cer-
tain other premises, which, at the request of H., were conveyed to C.
The mortgage was accepted by R. in full satisfaction of his claims
against H. On foreclosure the mortgaged real estate did not sell
for sufficient to pay the prior mortgages, and R. received nothing
on his mortgage; C. realized about $155 out of the premises so con-
veyed to her, and with this sum and other moneys of her own, in all
$1,300, she purchased other premises, which she subsequently sold,
realizing therefrom $6,500, and with $5,500 of the avails she pur-
chased the premises in question. *Held*, the evidence did not justify
a finding that the conveyance to C., so made with the consent of R.,
was in fraud of the rights of the creditors of H.; that R. had a per-
fect right to retain and apply the proceeds of the property conveyed to
him by H. up to the amount of his claims, and in consenting to allow
C. to take title to the property received in exchange, as its value, with
what he himself received, was less than said claims, the creditors of H.
could in no way have been defrauded; and that, therefore, C. was not
bound to account to the creditors of her husband for any benefits
derived from its proceeds; and as no money belonging to him was traced
into the premises in question, said creditors could not set up any
resulting trust therein.

*Popfinger* v. *Yutte* (17 J. & S. 312) reversed.

(Argued January 20, 1886; decided March 26, 1886.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, entered upon an

order made at the November term, modifying, and affirming as modified, a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 17 J. & S. 312.)

This action was brought by plaintiff as judgment creditor of defendant Henry Yutte to have her judgment adjudged to be a lien upon certain premises known as No. 189 Christie street in the city of New York, the title to which is in defendant Christine, wife of said Henry Yutte, on the ground that the said title was acquired by Mrs. Yutte in fraud of the rights of the creditors of her husband.

The material facts are stated in the opinion.

*William G. McCrea* for appellants. The judgment is appealable to this court. (*Chautauque Bk.* v. *Risley*, 19 N. Y. 369.) The Superior Court had no jurisdiction whatever of this action. (Code of Civ. Pro., §, 263, subd. 5.) To justify the courts in declaring a statute unconstitutional, there must be a clear case of conflict with the Constitution. (*Roosevelt* v. *Goddard*, 52 Barb. 533; *People* v. *Bennett*, 54 id. 480; *Macomber* v. *New York*, 17 Abb. 35; *Ex parte McCullum*, 1 Cow. 550; *Kerrigan* v. *Force*, 68 N. Y. 381; *In re N. Y. El. R. R. Co.*, 70 id. 327–361; *In re Gilbert El. R. R.*, id. 361.) If the court has no jurisdiction of the subject-matter of this action, no act of the parties could confer the same, and the objection thereto can be taken at any stage. (*Dakin* v. *Demming*, 6 Paige, 95; *Mc-Mahon* v. *Rauhr*, 47 N. Y. 67; *Harriott* v. *N. J. R. & Mans. Co.*, 2 Hill, 262; *People* v. *Hartwell*, 2 Park. 32; *People* v. *Campbell*, 4 id. 386; *Smith* v. *Shaw*, 12 Johns. 257; *Callahan* v. *Mayor, etc., N. Y.*, 66 N.Y. 656.) A creditor of the vendor seeking to set aside a sale on the ground of fraud must give affirmative evidence to establish the fraudulent intent; mere suspicion is not enough. (*Jaeger* v. *Kelley*, 52 N. Y. 274; *Bk. of Silver Creek* v. *Kelly*, 22 Barb. 550; *Holding* v. *Burnham*, 53 N.Y. 73; *Genesee Bk.* v. *Mead*, 92 id. 637; *Digert* v. *Remerschnider*, 32 id. 636.) If a finding of fact be wholly unsupported by evidence it is reviewable here. (*Putnam* v. *Hubbell*, 42 N. Y. 106; *Beck* v.

*Sheldon,* 48 id. 365; *Meacham* v. *Burke,* 54 id. 217; *Terry* v. *Wait,* 56 id. 91.) A trustee who mingles the trust moneys with his own and uses it must pay interest. (*Mumford* v. *Murray,* 6 Johns. Ch. 1; *Duffy* v. *Duncan,* 32 Barb. 587; *Cowing* v. *Howard,* 46 id. 579; *Rapalje* v. *Hall,* 1 Sandf. Ch. 399.) The rule that a man may lose his own property by mixing it with that of another only applies where it cannot be distinguished after the admixture. (*Frost* v. *Willard,* 9 Barb. 440; *Morgan* v. *Gregg,* 46 id. 183; *Seymour* v. *Wycoff,* 10 N. Y. 213.)

*Henry Wehle* for respondent. The burden of proving that the transaction was not fraudulent rested with the defendants. (*Dunlap* v. *Hawkins,* 59 N. Y. 342; *Newman* v. *Cordele,* 43 Barb. 448.) The defendant Christine Yutte is liable as trustee to plaintiffs for the property now held by her. (R. S., part 3, chap. 1, tit. 2, § 52; *McCartney* v. *Bostwick,* 32 N. Y. 53; *Kamp* v. *Kamp,* 46 How. 143; *Garfield* v. *Hatmaker,* 15 N. Y. 475.) The trust estate or any of its proceeds may be followed by a *cestui que trust* through the several transmutations, so long as any part of it is distinguishable. (*Stephens* v. *Sinclair,* 1 Hill, 143.) The plaintiff is entitled to the satisfaction of her entire judgment out of the property now in the hands of the defendant Christine Yutte, upon the further ground that Christine Yutte, as trustee, is bound to account for the gains which she secured with the judgment debtor's property. (Story's Eq. Jur., §§ 1210, 1212; *Penman* v. *Slocum,* 41 N. Y. 59.) A trustee who intermingles trust property with his own must distinctly point out his own or lose all, and if he deals with the trust estate the *cestui que trust* may claim the gains. (Tiffany on Trusts, 34; *Seaman* v. *Cook,* 14 Ill. 501; *Russell* v. *Jackson,* 10 Hare, 204, 209.) The defendant Christine Yutte was a party to the fraud upon her husband's creditors, and the transfer to her is absolutely void. It cannot serve as security for moneys expended by her. (*Davis* v. *Leopold,* 87 N. Y. 620.)

RAPALLO, J.   We think that the Superior Court of the city of New York had jurisdiction of this case. By the Constitution of 1846, art. 14, § 12, the Superior Court was continued, *until otherwise directed by the legislature*, with its then present powers and jurisdiction.

Under the Code of Procedure the Superior Court of the city of New York had, within its territorial limits, general jurisdiction in equity co-equal with that of the Supreme Court. (*Bowen* v. *Trustees, etc., Irish Presb. Congregation*, 6 Bosw. 245 ; *Porter* v. *Lord*, 4 Duer, 682.)

This jurisdiction existed at the time of the adoption of article 6, which was on the 6th of December, 1869. By that article (Art. 6, § 12) it was declared that the Superior Court of the city of New York, with other local courts, was continued with the powers and jurisdiction it then possessed and such *further* civil and criminal jurisdiction as might be conferred by law. The words "until otherwise directed by the legislature," which were contained in section 12 of article 14 of the Constitution of 1846, were omitted in the amendment of 1869. Although there was no express repeal or amendment of article 14, section 12 of the Constitution of 1846, yet we are of opinion that as the amended article 6, section 12, covers the same subject as section 12 of article 14, it must be regarded as a substitute therefor and as superseding it and permanently continuing the then existing jurisdiction of the Superior Court, with such further jurisdiction as might be conferred, and depriving the legislature of the power of taking away from that court any of the jurisdiction or powers which it possessed at the time of the adoption of article 6. (*Ross* v. *City of Brooklyn*, 69 N. Y. 605.)

For this reason we think that subdivision 5 of section 263 of the Code of Civil Procedure, which purports to confine the jurisdiction of the Superior Court in actions by judgment creditors to actions on its own judgments, is inoperative. The objection is unavailable in this action for the further reason that it was not taken in the answer ; as the Code of Civil Procedure (§ 266) provides that want of jurisdiction by reason of the

non-existence of any of the jurisdictional facts specified in section 263, is matter of defense and is waived by appearance unless pleaded.

The grounds of the plaintiff's present action are that on the 10th of June, 1882, she recovered a judgment in the Marine Court of the city of New York against Henry Yutte for $494.-76, upon which execution was issued and returned unsatisfied. The trial judge found that the indebtedness upon which that judgment was recovered arose prior to the year 1877; that on and prior to July 16, 1877, Henry Yutte was the owner of a piece of land situated at Hempstead, New York, which was subject to two mortgages amounting together to $7,500, and was indebted to Carl Reinig in $500 for money loaned, and in the further sum of $168.01 for a liability which said Reinig had incurred as his surety on an undertaking on appeal; that on the 16th of June, 1877, said Henry Yutte conveyed said land at Hempstead to Reinig as security for his indebtedness, and Reinig held the equity of redemption in said land, over and above his claims, in trust for Yutte until June 10, 1878; that in November, 1878, said land was sold under the foreclosure of the first of said two mortgages and did not bring at such sale enough to pay said mortgages; that Reinig, while he held the title to said land, had paid an installment of interest on said mortgages (thus increasing his claim to $880 besides interest), and on the 10th of June, 1878, he sold said premises to Eliza Gricke, receiving therefor a third mortgage thereon for $500, for himself, and a deed of a house in Jackson street which he allowed to go to the defendant Christine Yutte; that Reinig made the conveyance of the Hempstead property to Eliza Gricke at the request of Henry Yutte and accepted the third mortgage of $500 in full satisfaction of the debts owing to him by Yutte, and Eliza Gricke, at the request of Yutte, immediately on the conveyance to her of the Hempstead property, conveyed the Jackson street house to Christine Yutte, who paid no consideration therefor, and held the same for the benefit of Henry Yutte; that this conveyance was made to and accepted by her for the purpose of placing the house in Jack-

son street beyond the reach of the creditors of Henry Yutte, and was fraudulent as against his creditors; that in July, 1878, an action for the foreclosure of a mortgage on the Jackson street property was commenced, and that about August 1, 1878, and while said foreclosure was pending, Christine Yutte exchanged the Jackson street property with Wm. H. Palmer for a house in Avenue C, and took the deed thereof for the benefit of Henry Yutte, so far as his creditors were concerned; that she sold said house in Avenue C, on the 13th of January, 1881, and realized from said sale the sum of $155, over and above the incumbrances thereon, and ten lots of land in New Jersey subject to a mortgage, the value of which lots was unknown; that she still held said lots at the time of the trial of this action and offered to convey them to the plaintiff; that thereafter Christine Yutte with the $155 realized from the sale of the house in Avenue C, together with other money derived by her from other sources, amounting in all to $1,300, purchased a lot in Sixth street, New York, from the resale of which she afterward realized $6,500, in August, 1882, yielding to her a profit of $5,000 over and above the sum invested by her in the purchase of the property, and that with $5,500 of the proceeds of the Sixth street property she purchased a house and lot in Christie street, New York, and still holds the title to the same, and that the said several conveyances to and by her, and the several investments made by the defendants were made with the intent on their part to defraud the creditors of Henry Yutte.

The court found that only $155 of the money derived by Christine Yutte from the sale of the Avenue C property was invested in the purchase of the Christie street property, and that all the rest of the purchase-money of that property was derived from other sources which do not appear to be connected with Henry Yutte.

There is no finding that the conveyance from Henry Yutte to Carl Reinig of the Hempstead property was fraudulent in any respect. A finding to that effect was requested by the plaintiff, but was refused by the trial judge. The conclusions

of law of the learned judge were that the several conveyances to and by Christine Yutte were void as to the creditors of Henry Yutte; that in dealing with said premises, and in the several transfers mentioned, she acted as such trustee to the extent of the interest of Henry Yutte therein; that the plaintiff had a lien upon the land in New Jersey to the extent of his judgment, and was entitled to an accounting for the rents and profits of the several pieces of land held by Christine Yutte in trust for the plaintiff, and to a judgment appointing a receiver, and directing a conveyance to him of the Christie street property, and a sale thereof by him, and the payment to the plaintiff, out of the proceeds of such sale, of the sum of $155, with interest from June 13, 1881, on the plaintiff's judgment, with the costs of this action.

On appeal by both parties to the General Term from the judgment entered on this decision, the court modified the judgment so as to direct the execution by Christine Yutte to a receiver, of a full and valid warranty deed with the ordinary covenants, of the Christie street property, and a sale thereof by such receiver, and the payment to the plaintiff, out of the proceeds of such sale, of the sum of $494.76, with interest from June 19, 1882, besides costs, etc., and that the judgment, as modified, be affirmed, with costs. From the whole of this judgment the defendant Christine Yutte appeals to this court.

There is very little equity in the case made on the part of the plaintiff. The whole claim on her part is based on the receipt by the defendant Mrs. Yutte of a conveyance of the Jackson street property, which was part of the proceeds of the sale made by Reinig to Gricke of the land at Hempstead, which had formerly belonged to Henry Yutte. It is very clearly shown by the findings that Yutte's interest in the property proved to be of no value. That by the consent of Mr. Reinig Mrs. Yutte was allowed to receive the deed of the Jackson street property, which was afterward exchanged for the Avenue C property, and thus ultimately yielded the sum of $155, yet that sum was much less than the amount found to be due to Reinig from Henry Yutte, and for which he held the

Hempstead property as security, under a conveyance which is in no way impeached. He would have had a perfect right to apply that Jackson street property, or its proceeds, to the payment of his claim against Henry Yutte. The proceeds, up to the amount due Reinig, did not belong to Yutte, and in consenting to allow Mrs. Yutte to take the Jackson street property neither he nor Mrs. Yutte could in any way defraud the creditors of her husband. The finding of fraud in that respect is wholly fanciful and unsupported. The creditors of Yutte could not have obtained any benefit from the Jackson street property, or its proceeds, unless they exceeded the amount of Reinig's claim, had he insisted, as he had a right to do, upon retaining them for himself, and fraud could not be predicated of his consenting, with or without the procurement of Yutte, to Mrs. Yutte receiving the benefits derived from that property. There is nothing in the case to show that Reinig consented to this arrangement for the benefit of Henry Yutte, or that the latter ever had any title, legal or equitable, to the Jackson street property. All that appears is that Reinig held the Hempstead property under a valid conveyance, as security for a debt actually due him from Yutte; that the security was worthless, and that he consented to take for his debt a worthless mortgage for $500, and to give to Mrs. Yutte the benefit of the Jackson street house, by means of which she indirectly realized $155, which was much less than the amount due Reinig.

The circumstance that by adding to the petty sum thus obtained through the voluntary concession of Reinig, other money obtained by her from other sources, and which does not appear to have been derived in any way from her husband, she was enabled to make a lucky speculation in the purchase of the Sixth street property, by which she made a profit of $5,000, confers no equity on the plaintiff. The creditors of Henry Yutte were in no way prejudiced by any of the dealings, nor deprived of any thing which they could have obtained. No funds of theirs or of their debtor were employed in the transaction, but only the sum of $155, which equitably belonged to Reinig, and which he could have obtained had he not consented to Mrs. Yutte taking the Jackson street property.

The modification made by the General Term is still more inequitable. The whole reasoning of the General Term is based upon an erroneous assumption, viz.: that the trial court found that the transfer of the Hempstead property made by Henry Yutte to Reinig was made for the benefit of and in trust for Henry Yutte. On that assumption is built the theory that as to Yutte's creditors the Hempstead property still belonged to Yutte, and that the Jackson street property having been given in exchange for that, the consideration for the Jackson street property was furnished by Yutte; that, consequently, Mrs. Yutte took the title to the Jackson street property subject to a resulting trust in favor of the creditors of her husband, and is bound to account to them for all benefits derived from its proceeds through their subsequent mutations.

A fundamental difficulty with this view of the case is that the trial court made no such finding as is attributed to it; but, although requested by the plaintiff, declined to find that there was any fraud in the transfer by Yutte to Reinig. On the contrary, the court found as facts that Yutte was actually indebted to Reinig for borrowed money, and that Reinig had other claims against him, and that the transfer of the Hempstead property was made to Reinig as security for that indebtedness, and that Reinig afterward paid one installment of the interest on the $7,500 of mortgages to which the property was subject. The only reference to a trust for the benefit of Yutte contained in the findings is in the finding that Reinig held the equity of redemption in said land, over and above the amount of his claims against Yutte, for the benefit of and in trust for the defendant Yutte, up to the 10th of June, 1878, when he conveyed to Eliza Gricke. No fraud or invalidity in the transfer is shown by such a finding. All that it discloses is that Yutte was entitled to any surplus over the amount of the claims of Reinig; and it is clear that there was no surplus, as all that was realized on the sale of the property was a third mortgage for $500, which was wiped out by the foreclosure of the first mortgage, and the Jackson street property which was

exchanged for the avenue C lot, from which was realized ultimately $155 — not enough to reimburse Reinig for the interest he had paid on the prior mortgages on the Hempstead property, to say nothing of his claims thereon, for which he held it as security. Reinig had a perfect right to allow Mrs. Yutte to have the benefit of the Jackson street property and to place it beyond the reach of the creditors of Yutte ; and even if this were done at the request of Yutte, it would not invalidate the transaction nor make the property his. No money belonging to Yutte was, therefore, traced into the Sixth street property, and the creditors of Yutte could not, therefore, set up any resulting trust therein, nor in the Christie street property, which was purchased with the proceeds of the Sixth street property.

It is needless to discuss the question whether, if $155 of Yutte's money had been employed in the purchase of the Sixth street property, his creditors would be entitled to follow the entire profit of $5,000 realized therefrom into the Christie street property.

The judgments of the General and Special Terms should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgments reversed.