J. F. Daly, J.
The Code declares that want of jurisdiction in the superior city courts is matter of defense and is waived by appearance unless it is pleaded in the answer. Code Civ. Pro., § 266. It thus appears that want of jurisdiction is a defect which the defendant may waive. If he waives it the court should proceed notwithstanding it may appear that if the objection were properly taken to the jurisdiction such objection would be sustained. The fact that the complaint contains averments which invite the- *90 objection of want of jurisdiction and furnish proof in support of such a plea, does not justify the court in refusing to proceed with the case if the defendant declines to take the objection in the way pointed out by law. The option is with the defendant; his consent in effect confers jurisdiction, for he may, and does, waive objection by failure to plead want of jurisdiction as a defense; we so held in Pease v. Del., Lack, and W. Co. (10 Daly, 459); and the question is settled by the decision in Poffinger v. Yulte (Ct. App., March, 1886, 4 East. Rep., 694) on'appeal from the superior court. The jurisdiction, of this court and the superior court in such a case is identical, and section 266 of the Code applies to both courts.
The judgment should be reversed and a new trial ordered, with costs to abide event.
Allen, J., concurs.