O’Gorman, J.
The facts as they appear on this motion are these: The plaintiff sues as administrator of an infant, who, while a passenger on board of a steamship owned by defendant corporation, was killed, as it is claimed by the negligence or default of the defendants.
The defendants are a foreign corporation, and this ship Was a British ship, and the death took place on the high seas, on a voyage from New York to Liverpool, and within the territorial limits of Great Britain.
Under the British law, as set forth in the complaint, an action may be brought by the administrator of a person *584 whose death has been caused by the wrongful act, neglect or default of another, and damages may be recovered therefor.
This action is brought under the provisions of that law.
The defendant corporation voluntarily appeared in the action, served on the plaintiff’s attorney an answer and notice of trial, and the cause was set down for jury trial on the day calendar of March 17, 1888.
Among the defenses set up in the defendant’s answer, was_ the defense that this court had not jurisdiction of the subject of the action.
A motion is now made to vacate and dismiss the complaint, with costs, on the ground that the plaintiff, as administrator, did not reside in the state of New York and that this court, therefore had no jurisdiction under section 263, subdivision 7, and section 1780 of the Code of Civil Procedure.
The fact that the plaintiff administrator is not a resident of this state is not alleged in the answer, but only in an affidavit used on this motion.
A motion in this case to compel the plaintiff to give security for costs, as a non-resident of the state, was granted by Judge Freedman at special term.
In Brooks v. The Mexican Construction Company (49 Superior Court Reports, 234), it was held by the general term of the court, that under sections 266 and 1780 of the Code of Civil Procedure, this court had no jurisdiction over a foreign corporation in an action brought by a non-resident of this state, and that objection to the jurisdiction might be taken at any time, although not taken in the answer. The court of appeals dismissed the appeal on a matter of practice only.
The plaintiff here contends, that the defendants, by their conduct in this action, have waived all objection to the jurisdiction of the court, unless such as is set forth in their answer; that this motion is made too late; is for the purpose only of delay and not in good faith; and that the plaintiff, by reason of his having received letters of administration from the surrogate of the county of New York, is, in contemplation of law, a resident therein.
Plaintiff also contends that the action is brought substantially on the ground that the defendants are liable in damages for their default in fulfilling their contract, made in the city of New York, to carry the deceased safely and with due care, and that the court has, therefore, jurisdiction under section 263, subdivision 2, or section 1780 of the Code of Civil Procedure.
In the case of Popfinger v. Yutte (102 N. Y., 42), a question similar to that here presented was considered carefully *585 by the court of appeals. It was there held that the jurisdiction of the superior court continued to be as it had been on the 6th of December, 1869, the date of the constitutional amendment, and that subdivision 5 of section 263 of the Code, in so far as it purported to confine the jurisdiction of the superior court, was inoperative.
The court also held that, under section 266 of the Code, want of jurisdiction, by reason of the non-existence of any of the jurisdictional facts specified in section 263, is a matter of defense, and is waived by appearance unless pleaded.
The objection now made, that this action against a foreign corporation is not brought by a resident of the city, is one of those objections which, if valid, constituted a matter of defense, and must, therefore, be regarded as waived. To the same effect was the opinion of the court of appeals in McCormick v.Penn. Cent.R. R. Co. (49 N. Y., 308-9), the court holding that where there is jurisdiction of the subject-matter or cause of action, consent may confer jurisdiction of the person, and that such consent may be expressed by a foreign corporation by appearing by attorney and answering generally in the action. It should be borne in mind that in the case at bar, the action is transitory, and the cause of action, in contemplation of law, may therefore be treated as having arisen within the city of Hew York.
The objection that the plaintiff administrator is not a resident of the city and state of Hew York, not having been especially pleaded as a defense, is, therefore, not sustained.
The motion to vacate and dismiss the complaint is denied, with ten dollars costs.