### JELLY v. PARAISO REDUCTION CO.

(*Superior Court of New York City, Special Term.* May 27, 1888.)

RECEIVERS—OF CORPORATIONS IN SEQUESTRATION PROCEEDINGS—POWER OF SUPERIOR COURT OF NEW YORK.

Under Laws N. Y. 1880, c. 245, providing for the appointment, by any competent court, of a receiver to sequestrate the property of a corporation, which repeals Laws 1870, c. 151, giving to the supreme court alone the power to appoint receiver in such proceedings, the superior court of New York city may appoint a receivers of a corporation in sequestration proceedings.

On motion for the appointment of a temporary receiver.

Action by George Jelly against the Paraiso Reduction Company, a domestic corporation, to sequestrate the corporation property. Plaintiff's judgment was recovered in the court of common pleas for the city and county of New York. Laws N. Y. 1880, c. 245, provides for the appointment of receivers for corporation property, in sequestration proceedings, by any competent court.

*James K. Duffy*, for plaintiff and the motion. *Thomas H. Bullick*, for defendant, opposed.

DUGRO, J. The defendant claims that the superior court can only appoint receivers in judgment creditors' actions when the judgment on which the action is founded was recovered in the superior court. This would be so were it not that sub. 5, § 263, of the Code is unconstitutional, and so inoperative. *Popfinger* v. *Yutte*, 102 N. Y. 42, 6 N. E. Rep. 259. It seems that the superior court of the city of New York has, within its territorial limits, general jurisdiction in equity co-equal with that of the supreme court.

Defendant also contends that the supreme court of the state of New York, and it alone, has jurisdiction to appoint receivers of corporations in sequestration proceedings, and in support of his contention he cites Laws 1870, c. 151; *Navigation Co.* v. *Railroad Co.*, 43 Hun, 546. Chapter 151, Laws 1870, is repealed. See chapter 245, Laws 1880. I have carefully considered all the points advanced by the defendant, but cannot convince myself otherwise than that the plaintiff is entitled to have his application granted. Let an order be entered on notice.