By the Court.—Sedgwick, Ch. J.
On the motion below it appeared clearly, that the plaintiff was a non-resident of this state; that the defendant was a foreign corporation ; and that the cause of action did not arise within this state. No court of this state had jurisdiction of the action. § 1780, Code Civil Procedure.
*121 We must follow the case of Brooks v. Mexican National Construction Co., 50 Super. Ct. 281, that decides that the court is not in possession of jurisdiction, against the force of the statute, when as here, the defendant has not declared in his answer, that there is no jurisdiction, and that a waiver of the defense of no jurisdiction because of non-residence in the city is not a waiver of the objections that are grounded upon non-residence in the state.
The learned counsel for respondent argues, however, that the plaintiff, although otherwise a non-resident of this state, became for the purposes of this action, a resident of. the state by force of the letters of administration granted to him, in this county. , I do not recognize the proposition to be valid. The non-residence of the plaintiff was determined by the existence of certain facts before letters were issued to him. By the statute such letters may be issued to a non-resident. The letters did not destroy any of the facts Avhich made him a non-resident. After the letters were issued he remained a nonresident, and ever since has been a non-resident.
While it is certain that the cause of action alleged is o not local and is transitory, that consideration does not take the case out of section 1780 of the Code, which makes a condition precedent of jurisdiction, that the cause of action should arise within this state. A transitory cause may arise within any state. This was a transitory cause that arose without this state.
The action was not for damages to the intestate for the breach of a supposed contract with her to carry her safely, etc. The only demand of damages in the complaint jis for such as resulted from her death to the next of kin. The action ivas in tort, under Lord Campbell’s Act.
I am of opinion that the attention of the court may be turned, at any stage of an action to its want of jurisdiction, like the want here, and it may then declare to the parties that for that reason, the proceeding, from the beginning, had no legal efficacy, and that no further *122 proceeding should be taken. This may be competently done, by setting aside the summons and all that followed.
It does not appear that granting the motion would have violated section 2, art. 4 of the constitution of the United States, which provides that “ the citizens of each .state shall be entitled to all privileges and immunities of citizens in the several states.” No action of a judge can confer power upon a court, when the state has not given it. The court can only ascertain what jurisdiction has been given. Any supposed neglect of a state to establish courts of sufficient jurisdiction cannot be remedied by the action of a judge or court.
The case of Popfinger v. Yutte, 102 N. Y. 42, is confined to jurisdictional defects mentioned in section 263 of the Code.
I am of opinion that the order appealed from should be reversed, and that the motion should be granted with $ 10 costs.
Freedman and Truax, JJ., concurred.