(12 Misc. Rep. 445.)

### DIECKERHOFF et al. v. ALDER et al.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

1. ASSUMPSIT—MONEY HAD AND RECEIVED.

Plaintiffs alleged that they paid the money sued for by mistake to defendants, who retained it without right, plaintiffs not being indebted to them. Defendants answered, and it was conceded on the trial, that they were to hold the money by agreement, and apply the same on later sales, but the evidence was conflicting as to whether plaintiffs were indebted on any subsequent sales. *Held*, that the action was for money had and received, and a refusal to dismiss the complaint on the ground that the action was for money paid by mistake, while it was conceded that defendants held the money under an agreement with plaintiffs, was proper.

2. PAYMENT—FAILURE OF CREDITOR TO MAKE APPLICATION.

Plaintiffs, by mistake, paid a second time for goods purchased from defendants. It was then agreed that defendants should retain the money, and apply it on subsequent sales. Afterwards plaintiffs sued for the money. *Held*, that it was error for the court to charge that if defendants failed to apply the money to a certain sale made by them to plaintiffs after the agreement, and at that time were holding the money as belonging to plaintiffs, plaintiffs are entitled to recover, notwithstanding any indebtedness on subsequent sales.

Appeal from trial term.

Action by Emil Dieckerhoff and others against Otto Alder and another to recover back money alleged to have been paid by mistake. From a judgment entered on a verdict in favor of plaintiffs for $1,359.32, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Hatch & Wickes, for appellants.

George Carleton Comstock, for respondents.

DALY, C. J. This was an action to recover back money paid to defendants under the following circumstances, as set out in the complaint: Plaintiffs remitted to defendants on September 28, 1892, 5,208.55 francs, in full payment of an invoice of goods; and again, on October 4, 1892, by mistake, remitted the same amount in payment for the same goods. The complaint further alleged that the defendants retained the last-mentioned sum unlawfully to their own use; that it has been demanded from them; and that they have refused to pay the same, although plaintiffs have at no time been indebted in any sum which has not otherwise been paid by plaintiffs to defendants prior to the commencement of this action and prior to the aforesaid demand and refusal. The answer denies all the material allegations

except the first payment, and sets up as a defense that the parties had an open mutual running account, and that any payments made at any time by plaintiffs were made upon said account, and are applicable thereto when adjusted between the parties; that the payments were not made through any mistake of fact, but were made with full knowledge and voluntarily, and that the account is to be adjusted in an action in Germany or Switzerland, the defendants doing business in St. Gall, in Switzerland, and the plaintiffs doing business in Barmen, in Germany, having a branch house in New York; and that their account is adjusted between them in Europe. The answer did not allege that anything would be found due to defendants upon the accounting, nor did it contain any set-off or counterclaim against the sum demanded in the complaint. The issue presented by the pleadings was, in effect, whether the plaintiffs had paid the money claimed by mistake, and whether they were indebted to the defendants in any sum to which such payment could be applied. It appeared on the trial that the allegation of the complaint of two payments for the same invoice of goods, the last payment being made by mistake, was true; but it also appeared that plaintiffs thereafter, at the suggestion of defendants, allowed them to keep the remittance, and place it to plaintiffs' credit against later invoices. Upon this fact being conceded, defendants claimed the right to a dismissal of the complaint, on the ground that the cause of action therein set forth was for money paid by mistake, whereas it appeared that the sum claimed was subsequently retained by defendants by agreement.

The motion to dismiss the complaint was properly denied. While there was an allegation that the money claimed was originally paid by mistake, the subsequent allegation that the defendants retained it without right, because plaintiffs were not indebted to them, made the action substantially for money had and received; and the denials of the answer presented the issue which defendants claimed the right to try, and which was in fact tried in the action, viz. the right of defendants to retain and apply the amount in suit upon later invoices shipped to plaintiffs. The evidence upon this point disclosed that the defendants were holding the money to reimburse them for damages sustained through the refusal of plaintiffs to receive such later invoices; plaintiffs rejecting the goods on the ground that deliveries were made after dates specified in the contracts, and defendants claiming that plaintiffs had waived the default by receiving the belated deliveries without objection. There was a question for the jury, and, had the verdict disposed only of that contention, it might not have been disturbed.

But the plaintiffs insisted upon another and untenable claim, and procured a ruling thereon in their favor, which defeats the present recovery. It appears that there was a third invoice of goods, which defendants delivered and plaintiffs received in August, amounting to $911.80, upon which plaintiffs claimed that the moneys in question—5,208.55 francs—should have been credited by defendants. Defendants refused to so credit, and, having assigned the claim to their New York agent, he sued and recovered upon it against the plaintiffs, who did not offset or counterclaim the 5,208.55 francs,

but paid the judgment. The refusal of defendants to credit the amount on that indebtedness was urged on the trial of this action as a breach of the agreement by which they were to place that sum to plaintiffs' credit against later invoices; and it was claimed that such breach authorized plaintiffs to sue for the recovery of the 5,208.55 francs as wrongfully withheld. In that view of their right the trial judge concurred, and instructed the jury, at their request, as follows:

"Fifteenth. If the jury find that plaintiffs were indebted to the defendants in the sum of $911.80, or thereabouts, for the bill of silk handkerchiefs ordered in June, and at the time of such indebtedness, and when it became due, the defendants were holding this money in question as plaintiffs' money, and the plaintiffs were entitled to deduct such sum from the amount held by the defendants, and the defendants, nevertheless, refused to apply it to the payment of this bill for silk handkerchiefs, then the jury must find the verdict for the plaintiffs, without taking into consideration any later shipments."

Under this instruction the jury were at liberty to find that defendants ought to have credited the overpayment on the bill of $911.80, and, if they so found, were directed that they must render a verdict for the plaintiffs, notwithstanding any indebtedness of plaintiffs for later shipments. This was a complete disregard by plaintiffs of their own demand in the complaint, which was based upon the absence of any indebtedness whatever from plaintiffs to defendants. No claim was made in the complaint for the return of the money on the ground of a contract to apply it upon a specific indebtedness and a breach of such contract; but the issue tendered was that they were not indebted in any sum before the commencement of the action, and, under that pleading, plaintiffs could not succeed if any indebtedness greater than their claim existed in favor of defendants. For the erroneous instruction, the judgment must be reversed, and a new trial ordered.

As objection to plaintiffs' recovery was also made on the ground that the court had no jurisdiction of the action or of the defendants, it is proper to dispose of that contention on this appeal. We, therefore, say that, whatever merit there might have been in the objections to the jurisdiction of the court, they could not be considered, because not raised by the answer. The jurisdiction of the court must always be presumed, and, where defendant appears, the want of jurisdiction by reason of the nonexistence of any jurisdictional fact is waived by the appearance, unless it is pleaded in defense. Code, § 266. In this case there was a general appearance by defendants, and the answer does not plead want of jurisdiction. Popfinger v. Yutte, 102 N. Y. 38–43, 6 N. E. 259; Pease v. Railroad Co., 10 Daly, 459. Judgment reversed, and new trial ordered; costs to abide event. All concur.