In the Matter of the Application for the Removal of Aaron J. Levy from the Office of Justice of the Municipal Court of the City of New York.

First Department, June 4, 1920.

Courts — jurisdiction of Appellate Division — proceeding to remove justice of Municipal Court of City of New York on charges — constitutional law — Legislature cannot take away constitutional powers of Appellate Division.

The Appellate Division of the Supreme Court has authority and jurisdiction under the Constitution of the State to entertain and dispose of charges presented against a justice of the Municipal Court of the City of New York in a proceeding to remove him from office, and the Legislature is without power to deprive said court of such jurisdiction.

The Legislature by creating the Municipal Court of the City of New York a court of record, by the enactment of chapter 279 of the Laws of 1915, did not deprive the Appellate Division of its power to remove a justice of said court, for said Municipal Court was not a court of record at the time of the adoption of the Constitution.

Nor did the Legislature by omitting the word " justices " in its amendment made by chapter 581 of the Laws of 1915 to section 1383 of the Greater New York charter, now relating to the removal of clerks and deputy clerks of said court, transfer the power of removal from the Appellate Division to the Senate.

Constitutional provisions and statutes relating to the Municipal Court of the City of New York and to the removal of justices thereof collated and analyzed per Clarke, P. J.

Proceeding for the removal of a justice of the Municipal Court of the City of New York upon charges.

*Leonard M. Wallstein* of counsel [*Ralph M. Frink* and *Walter Frank* with him on the brief], for the petitioners.

*Edgar T. Brackett* of counsel [*Brackett, Todd, Wheat & Wait,* attorneys], for the respondent.

Clarke, P. J.:

The respondent was duly elected at the general election in 1913 a justice of the Municipal Court of the City of New York for the Second Municipal Court District for the term of ten years beginning January 1, 1914.

The petition and its accompanying affidavits set forth certain charges against said respondent. The notice of motion asks that " the court inquire into the matters alleged " in the petition and the affidavits annexed thereto " in order that it may determine whether further proceedings shall be had looking to " the respondent's removal from office. The respondent has appeared and objected to the jurisdiction of the court upon the ground that as by chapter 279 of the Laws of 1915, known as the New York City Municipal Court Code, the Municipal Court of the City of New York had been created a court of record, its justices were removable only by the Senate on the recommendation of the Governor if two-thirds of all the members elected to the Senate concur therein.

When the Constitution of 1821 was adopted the justices of the present Municipal Court were known as " Assistant Justices in and for the city and county of New York," or " Assistant Justices of the city of New York." (See Laws of 1807, chap. 139, § 1; R. L. of 1813, chap. 86, § 85; 2 R. L. 370, § 85; Laws of 1820, chap. 1, § 1.) It was provided in section 14 of article 4 of that Constitution that the assistant justices of the city of New York " shall be removable in like manner " as justices of the peace in the other counties of this State, and section 7 of said article provided that justices of the peace were removable " by the County Court, for causes particularly assigned by the Judges of the said court." Section 6 of article 5 of the Constitution of 1821 provided: " Judges of the County Courts, and Recorders of cities, * * * may be removed by the Senate, on the recommendation of the Governor, for causes to be stated in such recommendation." Section 3 of said article 5 provided: " The Chancellor and Justices of the Supreme Court, shall hold their offices during good behavior, or until they shall attain the age of sixty years." Section 13 of article 1 of said Constitution provided: " All officers holding their offices during good behavior may be removed by joint resolution, of the two houses of the Legislature, if two-thirds of all the members elected to the Assembly, and a majority of all the members elected to the Senate, concur therein." The Constitution of 1846 provided in section 11 of article 6: " Justices of the

First Department, June, 1920.　　　　　　[Vol. 192.

Supreme Court and Judges of the Court of Appeals may be removed by concurrent resolution of both houses of the Legislature, if two-thirds of all the members elected to the Assembly and a majority of all the members elected to the Senate concur therein. All judicial officers, except those mentioned in this section, and except Justices of the Peace and Judges and Justices of inferior courts, not of record, may be removed by the Senate on the recommendation of the Governor;" and section 17 of said article provided: " Justices of the Peace and Judges or Justices of inferior courts, not of record, and their clerks, may be removed after due notice, and an opportunity of being heard in their defense by such county, city or State courts as may be prescribed by law, for causes to be assigned in the order of removal."

The Judiciary Article adopted in 1869 provided in section 11 of article 6: " Judges of the Court of Appeals, and Justices of the Supreme Court may be removed by concurrent resolution of both houses of the Legislature, if two-thirds of all the members elected to each house concur therein. All judicial officers, except those mentioned in this section, and except Justices of the Peace and Judges and Justices of inferior courts not of record, may be removed by the Senate, on the recommendation of the Governor, if two-thirds of all the members elected to the Senate concur therein;" and section 18 of said article provided: " Justices of the Peace, and Judges or Justices of inferior courts, not of record, and their clerks, may be removed, after due notice and an opportunity of being heard, by such courts as may be prescribed by law, for causes to be assigned in the order of removal."

By the Constitution of 1894 it was provided in section 11 of article 6: " Judges of the Court of Appeals and Justices of the Supreme Court may be removed by concurrent resolution of both houses of the Legislature, if two-thirds of all the members elected to each house concur therein. All other judicial officers, except Justices of the Peace and Judges or Justices of inferior courts not of record, may be removed by the Senate, on the recommendation of the Governor, if two-thirds of all the members elected to the Senate concur therein;" and section 17 thereof provides: " Justices of the Peace and Judges or Justices of inferior courts not of record, and their

clerks may be removed for cause, after due notice and an opportunity of being heard, by such courts as are or may be prescribed by law."

Thus for 100 years there has existed a consistent constitutional scheme under which the chancellor, the judges of the Court of Appeals and the justices of the Supreme Court were removable by concurrent resolution of both houses of the Legislature, judges of other courts of record by the Senate, on the recommendation of the Governor, and justices of the peace and judges and justices of inferior courts not of record by some *court*.

The Municipal Court is the successor of the Assistant Justices' Courts, the District Courts of New York and the Justices' Courts of certain districts of Brooklyn. (*Worthington* v. *London G. & A. Co.*, 164 N. Y. 81.) Through all the period of its existence, for nearly 150 years under its various titles, down to the passage of chapter 279 of the Laws of 1915, it was a statutory inferior local court of limited jurisdiction, and, by express provision of law, not a court of record. (See Greater N. Y. Charter [Laws of 1901, chap. 466], § 1351; N. Y. City Mun. Ct. Code [Laws of 1915, chap. 279], § 1.) It is not questioned that through all the period succeeding the adoption of our second Constitution the power to remove its justices lay in some court,— under the Constitution of 1821 in the County Court; under the succeeding Constitutions, in such courts as were prescribed by law.

As required by the Constitution of 1846, the Legislature prescribed by section 25 of chapter 280 of the Laws of 1847 that " Justices of the peace, and judges and justices of inferior courts not of record, and their clerks, may be removed as provided by the Constitution, by the Supreme Court at any General Term thereof." This act was immaterially amended by chapter 354 of the Laws of 1880, and again in the original Code of Criminal Procedure (Laws of 1881, chap. 442, § 132). Section 25 of the act of 1847 was expressly repealed in 1886 (Laws of 1886, chap. 593, § 1, subd. 22), but the amendment of 1880 remained in force and was not expressly repealed until February 17, 1909, when it was also substituted for former section 132 of the Code of Criminal Procedure. (Laws of 1909, chap. 66, §§ 5–7.)

After the adoption of the Constitution of 1894, and the creation of the Appellate Division, section 132 of the Code of Criminal Procedure was amended to read: " Justices of the Peace and Judges, and Justices of inferior courts, not of record, and their clerks, may be removed, as provided by the Constitution, by the Appellate Division of the Supreme Court. The Appellate Division shall have power to order the proofs upon any proceedings hereunder to be taken before a referee to be appointed by such Appellate Division and to certify the reasonable expenses of such referee, which amount, so certified, is hereby declared to be a charge against the city, town or village within which such Justices of the Peace, Judge, or Justice of inferior court, not of record, or clerk, exercises the duties of his office " (Laws of 1909, chap. 66, § 5), and the Greater New York charter (Laws of 1897, chap. 378), in title 2 of chapter 20, entitled: " The Municipal Court of the City of New York," in section 1383, provided: " The Justices of said court and the clerks and assistant clerks thereof may be removed for cause after due notice and an opportunity of being heard by the Appellate Division of the Supreme Court in the Judicial District wherein the district for which said justices were elected or appointed * * * is situated." And it was so re-enacted in the revision of the Greater New York charter (Laws of 1901, chap. 466, § 1383). By chapter 603 of the Laws of 1907, which in this respect took effect on January 1, 1908, sections 1373 and 1383 of the revised Greater New York charter were amended so as to provide for the removal of the justices, clerks and deputy clerks of the Municipal Court by the Appellate Division of the Supreme Court, and for the removal of the assistant clerks and certain other officers or employees of the Municipal Court by the justices of the respective districts of said Municipal Court or by a majority of them if there be more than one. (See, also, Laws of 1915, chap. 581, amdg. said §§ 1373, 1383.) In 1915, after the adoption of the Municipal Court Code by chapter 279 of the Laws of that year, section 1383 of the charter was amended by chapter 581, by omitting the word " Justices " from said section, thus while continuing in the Appellate Division the power of removal of clerks and deputy clerks, apparently

eliminating therefrom the justices. But section 132 of the Code of Criminal Procedure (*supra*) remains in full force and effect. The argument of the respondent is that the Municipal Court having been made a court of record by chapter 279 of the Laws of 1915, the power of removal was *eo instanti* taken from the Appellate Division, as provided by law, and from such courts as the Legislature might determine, as provided by the Constitution, and transferred to the Senate.

In my opinion the act had no such effect. It was a mere practice act governing procedure. While in terms it provided that the Municipal Court should be a court of record it had no effect upon the constitutional provisions, which spoke as of the time of the enactment thereof, nor upon the statutory provisions enacted in accordance therewith. When the Constitution was adopted the court was not of record. No new inferior local court of record could be created thereafter. (Art. 6, § 18.) I agree that the court did not come within this express prohibition. The Court of Appeals has definitely settled that question, holding that it was a continued, consolidated and reorganized court and not a new court. (*Worthington* v. *London G. & A. Co., supra.*) But being an old court, existing at the time of the adoption of the Constitution, and not being a court of record, jurisdiction was conferred by the Constitution (Art. 6, § 17) to remove its justices " by such courts as are or may be prescribed by law." At that time jurisdiction had been conferred by law upon the Supreme Court at any General Term thereof. Section 1 of article 6 of the Constitution of 1894 provides: " The Supreme Court is continued with general jurisdiction in law and equity." Section 2 of said article provides: " From and after the last day of December, one thousand eight hundred and ninety-five, the Appellate Division shall have the jurisdiction now exercised by the Supreme Court at its General Terms * * * and such additional jurisdiction as may be conferred by the Legislature." As at that time the General Term of the Supreme Court had jurisdiction to remove justices of the peace and justices of inferior courts not of record, and hence justices of the Municipal Court, which was then an inferior court not of record, and as the jurisdiction of the General Term was expressly conferred by the Constitution

upon the Appellate Division, the Legislature could not directly or indirectly deprive it of any of the jurisdiction so conferred and possessed. This phraseology of the Constitution was slightly altered by the amendment of 1905, but in substance the provision remained the same.

Article 6, section 12, of the Constitution, adopted in 1869, provided that the Superior Court of the City of New York and the Court of Common Pleas of the City of New York, the Superior Court of Buffalo and the City Court of Brooklyn, were continued with the powers and jurisdiction they then severally had and such further civil and criminal jurisdiction as might be conferred by law.

Under the Code of Procedure the Superior Court of the City of New York had, within its territorial limits, general jurisdiction in equity coequal with that of the Supreme Court, and that jurisdiction existed at the time of the adoption of article 6 of the Constitution, which was on the 6th of December, 1869. The article took effect on January 1, 1870. (See *Popfinger* v. *Yutte*, 102 N. Y. 42; *Hutkoff* v. *Demorest*, 103 id. 377; *Real* v. *People*, 42 id. 270, 278; *Richter* v. *Poppenhausen*, Id. 373, 377; *People* v. *Gardner*, 45 id. 812.) In *Popfinger* v. *Yutte* (*supra*, 38) the court held that the provision cited *supra*, continuing the then existing jurisdiction of the Superior Court, deprived the Legislature of the power of taking away from that court any of the jurisdiction or powers which it possessed at the time of its adoption, and, for that reason, that subdivision 5 of former section 263 of the Code of Civil Procedure (Laws of 1876, chap. 448), which purports to confine the jurisdiction of the Superior Court in actions by judgment creditors to actions on its own judgments, was inoperative.

*Hutkoff* v. *Demorest* (103 N. Y. 377) involved the constitutionality of chapter 418 of the Laws of 1886 (amdg. Laws of 1876, chap. 448, § 191, subd. 2), declaring that the City Court of New York shall be deemed a superior City Court and thereby authorizing an appeal direct from its judgments at General Term to the Court of Appeals. RAPALLO, J., said: "At the time of the adoption of article 6, the jurisdiction and powers of the Court of Common Pleas of the city and county of New York were declared and enumerated in title 5 [of part

1] of the Code of Procedure (§§ 33 and 34). Section 34 is in the following words: ' § 34. The Court of Common Pleas of the City and County of New York shall also have power to review the judgments of the Marine Court of the City of New York, and of the justices' courts in that city.' By the act of 1883 (Chap. 26), the name of the Marine Court was changed to the City Court, but it still remained the same court, with the same judges and officers, and the same jurisdiction, and the power to review its judgments continued in the Court of Common Pleas under its original grant of power. By chapter 418 of the Laws of 1886, it was sought indirectly and by language, the full effect of which would not readily be observed by a casual reading, to take from the Court of Common Pleas the important power of reviewing the judgments of the Marine Court, now the City Court, and to authorize an appeal from those judgments direct to the Court of Appeals, without requiring that they should first be subjected to review by the Court of Common Pleas. * * * The act * * * is * * * subject to the fundamental objection that it contravenes section 12 of article VI of the Constitution by depriving the Court of Common Pleas of its jurisdiction and power to review the judgments of the Marine (City) Court which it possessed at the time of the adoption of the article, and which were thereby rendered permanent and placed beyond the power of the Legislature to take from that court."

Upon motion for reargument, RAPALLO, J., said: " Section 22 of article 6 provides that ' the Legislature may authorize the judgments, decrees and decisions of any court of record of original civil jurisdiction established in a city, to be removed for review, directly into. the Court of Appeals.' * * * It will be observed that section 22 applies only to courts of record, and, in our judgment, was intended to embrace only courts of record which were established in cities at the time of the adoption of article 6, viz., in December, 1869. There were at that time in existence, in addition to. the Court of Common Pleas and Superior Court of the city of New York, several other local courts established in cities, viz., the Superior Court of the city of Buffalo, the city Court of Brooklyn, which were courts of record, · also the Marine Court of the city of New York. The Mayor's Courts

of cities, the Recorder's Courts of cities, the District Courts
of the city of New York, the Justices' Courts of cities, etc.

"The Constitution evidently did not contemplate the
establishment by the Legislature of other Superior City Courts.
By section 19 of article 6 the Legislature was authorized
to establish *inferior* local courts, but the Superior Courts
established in cities were enumerated in the Constitution,
and their powers and jurisdiction made permanent, but no
authority was given to establish additional Superior Courts
in cities; and in *Landers* v. *Staten Island R. R. Co.* (53 N. Y.
450) we held that the Legislature had no power to extend
the jurisdiction of the City Court of Brooklyn so as to deprive
it of its local character.

"Section 22 of article 6 was, in our judgment, intended
to authorize appeals direct to the Court of Appeals from the
courts of record in existence at the time of the adoption of
the article, whose judgments were at that time reviewable,
in the first instance, in the Supreme Court. The Marine
Court of the city of New York was a court of great importance,
of ancient origin, and transacting a very large amount of
business. * * * Yet it was not a court of record, in the
legal sense of the term, until 1872.* The power to review its
judgments, in the first instance, was vested by law in the
Court of Common Pleas. * * * By limiting the power
of the Legislature to authorize appeals directly to this court,
to appeals from judgments of courts of record, we think that
it was the intention of section 22 of article 6 to exclude the
Marine Court from its operation."

I am of the opinion, applying the doctrine laid down in
these cases, that the Legislature would be without power
to deprive the Supreme Court and its Appellate Divisions
by direct legislation of the jurisdiction conferred upon it by
the Constitution. I am further of the opinion that by
creating the Municipal Court in 1915, a court of record,
which court at the time of the adoption of the Constitution
was a court not of record, the Legislature did not deprive
the Appellate Division of the power to remove its justices,
and that the Legislature did not by the omission of the word

* See Laws of 1872, chap. 629. — [REP.

" justices " in its amendment to section 1383 of the Greater New York charter, quoted *supra*, transfer the power to remove the justices of the Municipal Court from the Appellate Division, which is a court, to the Senate, which is not a court, and that this Appellate Division has full constitutional jurisdiction and power to entertain and dispose of the charges presented to it against the respondent. The objection to its jurisdiction is, therefore, overruled, and the respondent is given twenty days from the service of the order to be entered hereon to file and serve his answer to the petition.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Objection to jurisdiction overruled and respondent given twenty days from service of order in which to serve and file his answer to the petition. Settle order on notice.