## FORD vs. BABCOCK.

A party seeking to justify the taking of goods by process issued at his instance, as plaintiff, by a court of special and limited jurisdiction, (e. g. the marine court of the city of New-York,) must show by his plea that the court had jurisdiction of the subject matter, and that by taking the steps required by law, it acquired jurisdiction over the party proceeded against.

DEMURRER to plea. Ford declared against Babcock in an action of trover for books, wearing apparel, &c. The defendant Babcock pleaded, 1. Not guilty.; 2. That the plaintiff ought not to have or maintain, &c. because, &c. before the commencement of this suit, to wit, on, &c. the " said defendant under and by virtue of the act to abolish imprisonment for debt and to punish fraudulent debtors, passed April 26th, 1831, commenced a suit in the marine court of the city of New-York by a writ of attachment issued out of the said court against the goods, chattels and effects of the said plaintiff;" that, by virtue of said attachment, one of the constables of the city of New-York attached and seized the said goods and chattels in said declaration mentioned ; that said officer has kept them in custody of the law by virtue of said attachment, and such subsequent proceedings have been had in said marine court that the defendant has obtained judgment against the plaintiff for $17,50 and costs. Whereby the said officer became authorized to keep said goods in custody and to sell them on the execution to be issued on said judgment. Demurrer and joinder.

*Horace Dresser*, for the plaintiff.

*E. Townsend*, for the defendant.

*By the Court*, BEARDSLEY, J. If the marine court of the city of New-York may proceed by attachment, (a point I have not looked at,) still this plea is palpably bad. That court has but a special and limited jurisdiction, both as to cases and parties ; and whoever sets up its authority, in a case instituted by

himself, must show that the case was one of which the court had complete jurisdiction. To this rule there is no exception. (*Jones* v. *Reed*, 1 *John. Cas.* 20 ; *Service* v. *Hermance*, 1 *John. R.* 91 ; *Roosevelt* v. *Kellogg*, 20 *id.* 208.)

This plea was not prepared upon any such principle, nor indeed upon any principle known in the law of special pleading, and is radically vicious.

Judgment for the plaintiff on demurrer, with leave to amend, &c.