JOHN  CARROLL,  Respondent,  v.  JOHN  LANGAN,
Appellant. .

*Recorder of the city of Albany — his powers are local — supplementary proceedings.*

It is provided by section 10 of chapter 150 of the Laws of 1849, as amended by
    section 10 of chapter 284 of the Laws of 1872, that "the recorder of the city of
    Albany shall have power to do and perform all the acts and duties that may
    by law, or according to the rules and practice of the Supreme Court, be done
    and performed by a justice of the Supreme Court at Chambers, including pro-
    ceedings supplemental to execution."

*Held,* that the recorder had no power to grant an order in supplementary
    proceedings to be executed anywhere except within the bounds of the city of
    Albany.

That his power as a Supreme Court commissioner was divested by article 14,
    section 8 of the Constitution of 1846.

That section 12 of said article, providing that all local courts established in any
    city shall remain with their present powers, left the Recorder's Court a local
    court with merely local jurisdiction.

That, under article 6, section 19 of said Constitution, authorizing the legislature
    to establish inferior local courts, it could confer upon the existing Recorder's
    Court *local,* civil or criminal jurisdiction, and no more, and this was done by
    the said act of 1849.

That the act of 1849 did not continue a power existing in the recorder, but
    conferred a new power upon him and his court.

Appeal by the defendant John Langan from a judgment of the
Supreme Court, entered in the office of the clerk of the county of
Rensselaer on the 30th day of April, 1891, upon a recovery by the
plaintiff of $400.93 and costs, after a trial before the court and a
jury, at a Circuit Court held in and for Rensselaer county, with
notice of an intention to bring up for review upon the appeal an
order, entered in said clerk's office on the 30th day of April, 1891,
denying a motion for a new trial.

*J. R. Langan* and *Hugh Reilly,* for the appellant.

*John T. Norton,* for the respondent.

Putnam, J.:

Judgment was obtained by defendant in the Supreme Court against
plaintiff, a resident of Rensselaer county, on February 7, 1887, and
entered in Albany county, where defendant resided.   Execution
was issued upon said judgment in Rensselaer county and returned

unsatisfied to the Albany county clerk's office. On January 15, 1890, the recorder of the city of Albany made an order in said action in supplementary proceedings requiring plaintiff to appear before a referee in Rensselaer county to be examined. Plaintiff failing to appear, the recorder issued an order requiring him to show cause, at chambers, in the city of Albany, why he should not be punished as for contempt. Plaintiff appeared and objected to the jurisdiction of the recorder, who made an order adjudging him in contempt, under which a warrant was issued to the sheriff of Rensselaer county, by virtue of which plaintiff was arrested and imprisoned.

This action was then brought for false imprisonment. The plaintiff obtained a verdict, the court on the trial holding that the recorder had no power to make the order under which plaintiff was imprisoned. The learned judge who presided at the trial afterwards, on a motion for a new trial, examined the question involved carefully and wrote an opinion in which he adhered to his views expressed on the trial.

He held, under the authority of the case of *Hayner* v. *James* (17 N. Y., 316), that the legislature could confer upon the recorder of the city of Albany the power granted by section 10, chapter 150 of the Laws of 1849, as amended by section 10, chapter 284, Laws of 1872, to be exercised, however, only in the city of Albany. A statute conferring a similar power upon the recorder of Troy, which was considered in the case of *Hayner* v. *James* (*supra*), expressly limits the power of the recorder to act "within said city." No such limitation is contained in the acts of 1849 and 1872 (*supra*), as to the recorder of Albany. But the learned justice in the court below was of opinion that such limitation is to be implied, and that the act does not extend his jurisdiction to the county of Rensselaer.

Prior to the adoption of the Constitution of 1846 the recorder of the city of Albany, by virtue of his office, was a Supreme Court commissioner, and as such exercised the powers of a judge of the Supreme Court at chambers. (See 2 R. S., m. p. 281, § 32; 279, § 18.)

The Constitution, however, article 14, section 8, abolished the office of Supreme Court commissioner and divested the recorder of his power as such conferred upon him by the former statute. (See *Nash* v. *People*, 36 N. Y., 609–615; *Renard* v. *Hargous*, 13 id., 259.)

It is true, as claimed by appellant, that the abrogation of the office of Supreme Court commissioner did not annihilate the powers and duties that appertain to it. These powers could be bestowed by the legislature upon other classes of officers brought into existence or permitted to exist by the Constitution, as held in *Hayner* v. *James* (*supra*). Therefore, the legislature could confer upon the recorder of Albany the same powers as he formerly had as a Supreme Court commissioner, except as prohibited by the Constitution.

Section 10 of the act of 1849, as amended in 1872, is as follows:

"Section 10. The recorder of the city of Albany shall have power to do and perform all the acts and duties that may by law, or according to the rules and practice of the Supreme Court, be done and performed by a justice of the Supreme Court at chambers, including proceedings supplemental to execution."

The question is, could and did the legislature confer, by said section, upon the recorder power to grant an order in supplementary proceedings to be executed in any part of the State outside of the city of Albany? If the legislature could confer upon the recorder power to act beyond his local jurisdiction in supplementary proceedings, it could confer power to act in all counties of the State in other proceedings.

The Constitution of 1846 deprived the recorder of all power as a Supreme Court commissioner. The subsequent provision (art. 14, § 12), providing that all local courts established in any city or village with their present powers and jurisdiction should remain, left the Recorder's Court a local court with a merely local jurisdiction. The recorder no longer had the power of a Supreme Court commissioner. The Constitution of 1846 also provided that inferior courts of criminal and civil jurisdiction may be established by the legislature in cities. Under this power the legislature could, in 1849, establish in the city of Albany a *local* court, and, doubtless, could also confer upon the existing Recorder's Court *local*, civil or criminal jurisdiction. But under the Constitution it could do no more. As held in *Geraty* v. *Reid* (78 N. Y., 67): "The only authority conferred is to establish *local* and inferior courts. The jurisdiction of the local court *must be exercised within the locality*, and its process cannot be executed outside of it." And it was held in that case by the Court of Appeals that the justices of the peace in the city of Brooklyn cannot be given jurisdiction outside of the city of

Brooklyn, under the Constitution, and that the act of the legislature considered in that case should be so construed as not to confer jurisdiction only within said city. In *Landers and Others* v. *The Staten Island Railroad Company* (53 N. Y., 450), it was held that the legislature could not confer upon the City Court of Brooklyn, a civil court, power to act where the defendant resided out of the city or was not served with process therein. And in that case it was held that the power conferred upon the legislature by the Constitution, to give further civil and criminal jurisdiction to said City Courts, meant "local" jurisdiction. (See, also, *People ex rel. Townsend* v. *Porter*, 90 N. Y., 68; *Brandon* v. *Avery*, 22 id., 469; *Rockwell* v. *Raymond*, 5 N. Y. Supp., 642; *Hutkoff* v. *Demorest*, 103 N. Y., 384.)

These cases, and many others that might be cited, are authorities that the legislature, under the Constitution, could confer upon the recorder of the city of Albany in 1849 civil jurisdiction to be exercised locally, but not such jurisdiction to be exercised in other parts of the State. (See, also, the case of *Hayner* v. *James, supra*.)

It is claimed, on the part of defendant, that the acts of 1849 and 1872, above referred to, confer upon the recorder all the powers of *justices of the Supreme Court at chambers* for the whole State; a power extending over the State of New York. That the acts of 1849 and 1872 (*supra*), in fact, make him a State officer, with powers at chambers only, bounded by State limits.

We think the Constitution, as interpreted by the Court of Appeals in the cases above, and others that might be, cited, prevents the exercise of such powers by the recorder of the city of Albany. That the acts of the legislature above quoted should be deemed to confer upon the recorder powers to be exercised within the city of Albany, and not in other counties of the State. That under well-settled principles the act of 1849 should be so construed as not to confer upon the recorder powers to be exercised outside of the city. It is held that, where a statute is susceptible of two constructions, both equally reasonable, one of which will render it valid, and the other void, that the court will accept the former. (*The People ex rel. Sinkler* v. *Terry*, 108 N. Y., 1.) So the power conferred on the recorder to act in proceedings supplementary to execution by the acts of 1849 and 1872 should be deemed to be a power to be exercised within this city.

But the appellant claims that the cases above cited, and similar authorities, do not apply here, because in each of those cases the court, whose jurisdiction was questioned, was created and established after the adoption of the Constitution, while the Recorder's Court existed prior to the Constitution, and his powers were continued by the provisions of the Constitution that "all local courts established in any city or village    *    *    *    shall remain, until otherwise directed by the legislature, with their present powers and jurisdictions." The answer is, that the recorder's powers as a Supreme Court commissioner was not continued by the above-quoted provision, being taken away from the recorder by the express language of article 14, section 8.

As above attempted to be shown, when the act of 1849 was passed, the recorder, by the Constitution itself, was divested of all power as Supreme Court commissioner, being then a mere local officer with local jurisdiction, and having no power as a justice of the Supreme Court at chambers. It makes no difference that at some former time the recorder was a Supreme Court commissioner. He was not in 1849. The act of 1849 did not then *continue* an existing power in the recorder. It conferred upon him a new power. It was equivalent to the creating of a new court, and the cases above cited seem very plainly to apply.

We hence conclude that the view taken by the judge at the Special Term was correct, and that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.