(9 Misc. Rep. 209.)

MEHRBACH v. PARTRIDGE.

(City Court of New York, General Term.   June 20, 1894.)

SUMMONS—SERVICE—WAIVER OF IRREGULARITIES.
  An objection that a summons issued by the city court of New York was not served within the city of New York is not waived by the appearance of defendants before the referee in supplementary proceedings, where they did not appear in the action before judgment was entered, as irregularities in service of summons can be waived only before entry of judgment.

Appeal from special term.

Action by Isidore Mehrbach against Frank H. Partridge.  From an order denying a motion to set aside the judgment, and an order directing examination of defendant in supplementary proceedings, defendant appeals.  Reversed.

Argued before NEWBURGER and CONLAN, JJ.

George W. Galinger, for appellant.

Myer J. Stein, for respondent.

NEWBURGER, J.  This is an appeal from an order denying a motion made by defendant to set aside a judgment entered herein,

and the order for the examination of defendant in proceedings supplementary to execution. It is claimed by defendant, and conceded by counsel for the respondent, on the argument, that the service of the summons was made on the defendant in the county of Westchester. It is well settled that a summons issued by this court can only be served in the city of New York, and therefore the service on the defendant was a nullity, and this court had no jurisdiction. It is claimed, however, by the respondent, that the defendant waived the defect in the service by his appearance before the referee in the supplementary proceedings. Irregularities in the service of a summons can only be waived prior to the entry of a judgment, either by appearance in person or by attorney, or by the service of an answer or demurrer. This court has held that even the obtaining of an extension of time to answer is not a sufficient appearance on the part of defendant to operate as a waiver of the irregularities in the service of the summons, and to confer jurisdiction. Bell v. Good (City Ct. N. Y.) 19 N. Y. Supp. 693. It is conceded that the defendant did not appear, either in person or by attorney, prior to the entry of the judgment, and no act of his subsequent to the entry of the judgment could confer jurisdiction on this court. The order appealed from must therefore be reversed, and the motion to vacate judgment and order in supplementary proceedings granted. with costs of this appeal.