(3 App. Div. 418.)　　　　　PIERSON v. FRIES.

(Supreme Court, Appellate Division, Second Department. April 28, 1896.)

CONSTITUTIONAL LAW—ESTABLISHING LOCAL COURTS—JURISDICTION.

　　Laws 1892, c. 182, establishing the city court of Mt. Vernon, whose jurisdiction is limited to actions in which one of the parties reside in the city, in so far as it authorizes service of process beyond the city limits, and in the county in which the city is situated, violates Const. art. 6, § 19, authorizing the legislature to establish inferior local courts.

Appeal from city court of Mt. Vernon.

Action by C. Louis Pierson, Jr., against Louis K. Fries. From an order adjudging defendant guilty of contempt of court for failure to obey an order, in supplementary proceedings, commanding him to appear before a referee, and be examined concerning his property, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Theodore M. Hill, for appellant.

Frank A. Bennett, for respondent.

HATCH, J. The present appeal challenges the constitutionality of the act by which the city court of Mt. Vernon acquired jurisdiction to make the order appealed from. This court was created by act of the legislature (Laws 1892, c. 182) as a local and inferior court, in virtue of the power conferred by section 19, art. 6, of the constitution in force when the act was passed, which authorized the legislature to establish inferior local courts of civil and criminal jurisdiction. The act provides that the court shall have no jurisdiction of an action unless one of the parties thereto reside in the city of Mt. Vernon. Section 60 reads:

　"The summons in an action brought in the said court may be served at any place within the county of Westchester, but not elsewhere."

By section 111, concurrent jurisdiction is given, where a transcript of the docket of a judgment of the city court is filed in the office of the clerk of the county, with the county court, of proceedings to enforce the judgment.

The power of the legislature respecting the jurisdiction which may be conferred upon courts created under this article of the constitution has been clearly defined, and no longer presents a debatable question. These courts must, by the act creating them, be in fact limited in the exercise of jurisdiction to the locality where they exist. The provisions of the act above quoted clearly exceed the legislative power in this regard, as has been judicially declared many times.

In Geraty v. Reid, 78 N. Y. 64, the court, in speaking of this question, said:

　"The only authority conferred is to establish local and inferior courts. The jurisdiction of a local court must be exercised within the locality, and its process cannot be executed outside of it. Whatever power constitutional justices of the peace may possess to send their process into adjoining towns, no

local court, created under the clause referred to, could be vested with that power."

In Carroll v. Langan, 63 Hun, 380, 18 N. Y. Supp. 290, the court said:

"If the legislature could confer upon the recorder power to act beyond his local jurisdiction in supplementary proceedings, it could confer power to act in all counties of the state in other proceedings."

Under the present act, the attempt is made to confer upon the court, in the cases specified in the act, the right to exercise power and assume jurisdiction of the action, wherever arising, subject, only, to the exception that one of the parties shall reside in the city of Mt. Vernon and that process shall be served within the county of Westchester.

In the present case, the judgment, upon which the proceeding which led to the order appealed from was based, was recovered upon a contract made in the county of New York, between the parties hereto. The defendant resided in the town of New Rochelle, in the county of Westchester. The summons and complaint were served upon him at the latter place. He did not appear in the action, and judgment passed against him by default. The order in supplementary proceedings, to appear and be examined, was also served upon the defendant at the same place. It is therefore apparent that the city court of Mt. Vernon never acquired jurisdiction of the person of the defendant or the subject-matter of the action, and no valid judgment was ever rendered against him in this action. The act, in attempting to vest the court with power to cause its process to run into any place in the county of Westchester, and to authorize its order in supplementary proceedings to be served in like manner, is in clear conflict with the constitutional provision, and is therefore to that extent void. Petterson v. Welles, 1 App. Div. 9, 36 N. Y. Supp. 1009; Landers v. Railroad Co., 53 N. Y. 450; Anderson v. Reilly, 66 N. Y. 189; Village of Deposit v. Vail, 5 Hun, 310.

It follows that the order appealed from should be reversed, with $10 costs and disbursements. All concur.