(16 App. Div. 38.)

BEAUDRIAS v. HOGAN et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

1. COURTS—JURISDICTION—CITY COURT OF YONKERS.

The city court of Yonkers, being a court created by act of the legislature (Laws 1872, c. 866), is one of the "inferior local courts," which alone Const. 1846, art. 6, § 14, authorized the legislature to create.[1]

2. JUDGMENT OF INFERIOR COURT—VALIDITY—PROOF OF JURISDICTIONAL FACTS.

A judgment of a court of limited jurisdiction is subject to collateral attack, unless jurisdictional facts are shown.

Appeal from special term, Westchester county.

Action by Isidore J. Beaudrias, as receiver of John Hogan, against said John Hogan and Margaret Hogan, to set aside a deed. There was judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. X. Donoghue, for appellants.

Joseph F. Daly, for respondent.

BRADLEY, J. The purpose of the action was to set aside a conveyance made by the defendant John Hogan to the defendant Margaret Hogan, his daughter-in-law, as made in fraud of his creditors. The relation of creditor of John Hogan, upon which the action was brought, is founded upon a judgment recovered by the First National Bank of Yonkers against him in November, 1891, in the city court of Yonkers. The objection to the recovery had is that the bank judgment was without jurisdiction, because the city court of Yonkers is a court of limited jurisdiction, and such jurisdiction does not appear by the record. When that action was commenced, and the judgment recovered, the statute provided that the court should have no jurisdiction of an action, unless one of the parties thereto resided in the city of Yonkers, or in a town of Westchester county, adjoining that city, or a warrant of attachment be granted to accompany the summons, and levied upon property of the defendant within the city, or the action be for the recovery of a statutory penalty by the city of Yonkers or some of its officers. Laws 1878, c. 186, § 2, subd. 4; Code Civ. Proc. § 3204, subd. 4. The complaint in that action alleged the making by Hogan and another of a promissory note and default in payment in the usual form. It was not alleged that any of the parties resided in the city of Yonkers or in any town adjoining the city. The defendants did not appear, and judgment was taken against Hogan by default, on proof by affidavit that the summons was served upon him in that city. Nothing appears by any affirmative statement in the record of that recovery that the court had jurisdiction of the action.

The view of the trial court was that it was necessary for the defendant to have appeared and pleaded the want of jurisdiction, and, not having done so, that the objection is not available, and

---

[1] See, also, Rockwell v. Raymond, 5 N. Y. Supp. 642.

44 N.Y.S.—50

such is the contention of the learned counsel for the plaintiff. The reason given for such view is that by the first section of the act in relation to the city court of Yonkers it was declared to be a court of record having jurisdiction of an action against a natural person, or against a foreign or domestic corporation, wherein the plaintiff should demand judgment, etc. In that section there is no qualification dependent upon residence of parties. That limitation, as has been observed, appears in the second section. It is therefore said on the part of the plaintiff that the requirement which makes such residence of some of the parties essential to jurisdiction is not an exception or limitation in the enacting clause or in the provisions of the statute conferring jurisdiction, but, being only in a subsequent part of the statute, that such limitation has the nature of a proviso, and, to be effectual to defeat jurisdiction or to render the want of it available to the defendant in that action, it was necessary for him to plead it as a defense. In support of that proposition, with other references, is cited Harris v. White, 81 N. Y. 532, where, in delivering the opinion of the court, Chief Judge Folger said:

"Now, an exception in a statute must be negatived in pleading, while a proviso need not; and this, it is said, is on the ground that an exemption by proviso is matter of defense that a party must show to relieve him from the liability."

See, also, Fleming v. People, 27 N. Y. 329.

This rule of pleading is one of general application in cases where the justification for a defendant is in the proviso by virtue of which he may be relieved from statutory liability to which he otherwise would be subjected by the charge made against him. The question here is one of power of the local court to render the judgment, and that was dependent upon its jurisdiction. The difficulty is that the city court of Yonkers is necessarily a local court of limited and special jurisdiction, because the legislative power in that respect is restricted by the constitution to the creation of "inferior local courts of civil and criminal jurisdiction." Const. 1846, art. 6, § 14; Sill v. Village of Corning, 15 N. Y. 297; Brandon v. Avery, 22 N. Y. 469; People v. Porter, 90 N. Y. 68. The nature of the court inherently is such as to show the necessity of making its jurisdiction appear to give effect to adjudications in actions there prosecuted. It was not necessary for the defendant to appear in the action in the city court, and plead the nonobservance of the facts essential to jurisdiction, to render the judgment ineffectual for the want of it. On the contrary, the facts necessary to the jurisdiction will not be presumed, but must be made to appear affirmatively in support of judgments of such courts. Frees v. Ford, 6 N. Y. 176; Gilbert v. York, 111 N. Y. 544, 19 N. E. 268. In those two cases the actions were determined on review for insufficiency of the complaints, in that they failed to allege the facts essential to the jurisdiction of the court.

In the present case, the judgment of the city court of Yonkers is challenged, as not having the support of the jurisdiction of that court. To render it effectual against such collateral attack, the

appearance of jurisdiction is equally as necessary for the purposes of this action as would be requisite to sustain it on review; and, as jurisdiction does not appear, it may be deemed void, and therefore ineffectual to show that the bank had the relation of creditor to the defendant John Hogan, necessary to the action for the relief sought through the plaintiff as receiver, or to support the proceedings in which the latter was appointed.   Pierson v. Fries, 3 App. Div. 418, 38 N. Y. Supp. 765; Ziegler v. Corwin, 12 App. Div. 60, 42 N. Y. Supp. 855.   There is a diversity of views in the courts of the different states whether the jurisdictional facts must appear in the record or may be shown aliunde, when the statute does not direct that they be set forth in the record of the judgment.   Brown v. Cady, 19 Wend. 477; Ford v. Babcock, 1 Denio, 158; Walker v. Moseley, 5 Denio, 102; Simons v. De Bare, 4 Bosw. 547; Van Deusen v. Sweet, 51 N. Y. 378; Jolley v. Foltz, 34 Cal. 321; Williams v. Cammack, 27 Miss. 209.   There is no evidence in the appeal book upon which this review is had to present such question for consideration, and therefore it is not considered.   The jurisdictional facts neither appear in the judgment record nor otherwise to have existed.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs.   All concur.