468

(23 App. Div. 83.)

BEAUDRIAS v. HOGAN et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1897.)

JURISDICTION OF INFERIOR COURT—PAROL EVIDENCE.
 The jurisdictional facts necessary to support the judgment of an inferior court of limited jurisdiction may, when it is attacked collaterally, be shown by parol, where the record fails to recite them.

Appeal from special term.

Action by Isidore J. Beaudrias, as receiver of John Hogan, against John Hogan and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. X. Donoghue, for appellants.

Joseph F. Daly, for respondent.

CULLEN, J. This action is brought to set aside a conveyance of certain lands made by the defendant John Hogan to the defendant Margaret Hogan, as fraudulent and void as against creditors. The foundation of the plaintiff's title and right to bring the action is a judgment recovered in the city court of Yonkers by the First National Bank of Yonkers against the defendant John Hogan and another upon a promissory note. The complaint in that action failed to allege that either the plaintiff or defendant resided in the city of Yonkers, or in a town of Westchester county adjoining thereto, as required by subdivision 4, § 3204, of the Code of Civil Procedure. On a previous appeal we reversed the judgment then before us, upon the ground that the case did not show the jurisdiction of the city court of Yonkers to render the judgment, the residence of the parties not appearing on the face of the record. 16 App. Div. 38, 44 N. Y. Supp. 785. In the opinion then delivered, by Justice Bradley, it was stated that the question whether jurisdictional facts could be shown aliunde the record was the subject of diverse views and conflicting decisions, but that it was unnecessary to decide the question, as there was no evidence in the case of the actual residence of the parties. Upon the trial now under review, plaintiff proved by parol evidence that John Hogan was, at the time of the institution of the action in the city court of Yonkers, a resident of that city. It therefore now becomes necessary for us to decide the question then left undetermined,—whether it is permissible to sustain the jurisdiction of the city court of Yonkers by proof aliunde, when the record fails to recite or establish the jurisdictional facts. I cannot find that this question has ever been directly adjudicated by any decision of the courts of this state, where the point was necessarily involved, except one, though many declarations on the subject are to be found in judicial opinions. The law seems settled in this state that while the jurisdiction of any court, of the subject-matter, or of the person of the defendant, may be assailed collaterally (Ferguson v. Crawford, 70 N. Y. 253), the jurisdiction of superior courts will be presumed; and this though the record fails to recite the requisite

jurisdictional facts and the court be one of limited jurisdiction. Thus, it has been held, in a long line of cases (the last of which is Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193), that the jurisdiction of the United States circuit court must appear affirmatively by the record, and that if the record does not show the citizenship of the parties, where the jurisdiction of the circuit court depends on citizenship alone, the judgment will be reversed on appeal. But it is equally settled by authority that such a defect, or the failure of the record to show jurisdiction, does not render the judgment of the circuit court void when attacked collaterally. McCormick v. Sullivant, 10 Wheat. 192; Ex parte Watkins, 3 Pet. 193; Ruckman v. Cowell, 1 N. Y. 505; Bank v. Judson, 8 N. Y. 254. Indeed, under the authority of the last two cases cited, the failure of the record to recite the jurisdictional facts does not even deprive the judgment of the presumption that the court had acquired jurisdiction. It is therefore clear that the reversal on appeal of the judgment of a court of limited jurisdiction for failure in the record to show the jurisdictional facts is not an authority for the contention that such a judgment is void, but simply proves it erroneous. It may be conceded that the city court of Yonkers and the county courts of various counties are of the same character (that is to say, they are not only courts of limited jurisdiction, but are inferior courts); and the decision that in actions in the county court the residence of the parties must be averred in the complaint, or the complaint will be subject to demurrer, is entirely applicable to actions in the city court of Yonkers. But those cases which hold that such judgments will be reversed on appeal (Frees v. Ford, 6 N. Y. 176; Gilbert v. York, 111 N. Y. 544, 19 N. E. 268) are not necessarily authority for the proposition that the judgments are void. As already shown, in the case of the judgments of the superior courts the reverse of this proposition is true; and, in Gilbert v. York, Judge Andrews limits the rule that, in the case of "a judgment of a court of limited and inferior jurisdiction, the record must show affirmatively that the court had jurisdiction, or else the judgment will be set aside," to the case of a direct proceeding to review that judgment. In Van Deusen v. Sweet, 51 N. Y. 378, the question arose as to the admissibility of an inquisition in lunacy issued by the county court of Saratoga county, where the record did not show that the alleged lunatic was a resident of that county, but the fact appeared by other evidence. The admission of the inquisition was held not error. It was said by Lott, C. C., speaking of the appellant's contention:

"He, however, claims that 'the proceeding having been instituted in the county court, a court of special and limited jurisdiction, the record should show affirmatively, and on its face, that jurisdiction was acquired by that court over the subject-matter, as well as of the person of the alleged lunatic, in order to warrant the court in issuing the writ in question.' * * * In answer to which it is sufficient, and only necessary, to say that the record is not required to show affirmatively, and on its face, those facts. It is enough that they did exist, and were properly shown to the court."

This case, in the absence of other authority, would be conclusive on the question before us, were it certain that a proper objection was

taken on the trial. An examination of the printed case leaves the matter in some doubt. In the other cases, as already stated, the point was not necessarily involved, and it will be necessary to refer to only a few of those cases. In Frees v. Ford, supra, it was declared in the prevailing opinion, in reference to the judgments of courts of limited jurisdiction, "To all such courts the rule universally applies, that their jurisdiction must appear upon the record." But this case was a direct appeal from the judgment. Ford v. Babcock, 1 Denio, 158, and Walker v. Moseley, 5 Denio, 102, deal merely with questions of pleading, and are not in point. On the other hand, in Jenks v. Stebbins, 11 Johns. 224, it was held, of a discharge under the insolvent act, that it was incumbent on the debtor to prove that the commissioner had jurisdiction of his case, and it was said, "This he might have done by parol, or by relying on the facts set forth in his discharge, for those facts were proof by virtue of the act." The judgment, however, was supported upon the recitals in the discharge. In Barber v. Winslow, 12 Wend. 102, the rule that the jurisdiction of the officer might be proved by parol was cited with approval, but the judgment was reversed on the ground that it was competent for the adverse party to defeat the discharge by showing that the officer had not jurisdiction. In Simmons v. De Barre, 8 Abb. Prac. 269, it was said that the "jurisdiction of an inferior court will not be presumed, in support of the validity of its proceedings, but, on the contrary, enough must appear upon its records, or be otherwise proved, to show that it had jurisdiction of the subject-matter of the action, and of the parties." In Harrington v. People, 6 Barb. 607, Judge Paige said, "If the record of the inferior court or tribunal omits to state facts necessary to give it jurisdiction, such record, without proof of the facts aliunde, is not evidence for any purpose." In neither of these cases, however, was any proof given to show that the court had jurisdiction. Other cases may be cited in which declarations to the same effect are to be found. The weight of judicial opinion in this state—while it must be confessed that, except in the case of Van Deusen v. Sweet, the declarations are obiter—seems to recognize the principle that the jurisdictional facts necessary to support the judgment of a court of limited jurisdiction may be shown by parol, where the record fails to recite such facts. The question has arisen in the state of California. It was there held, in the case of Jolley v. Foltz, 34 Cal. 321, that where the record is silent the jurisdiction of the court may be proved by parol. Mr. Freeman, in his work on Judgments (section 518), says, referring to the California case:

"The question has been directly involved and decided, in a decision in which the rule that jurisdiction must be apparent on the face of the proceedings was limited to those jurisdictional facts which the law directs the court to set forth on its records. Any other fact essential to jurisdiction may be established by evidence aliunde. And this position, while controverted in many of the states, and perhaps not yet sustained by the majority of the decisions upon the subject, is, in our judgment, supported by the better reasons, and destined to gain adherents."

If we can consider the question an open one in this state, despite the decision in the Van Deusen Case, supra, we are inclined

to follow the doctrine of the California authority. It seems in harmony with the rule that prevails with us, that the jurisdiction, even of the highest court, may be impeached by showing that the court had not jurisdiction of the defendant or the subject-matter, notwithstanding that the record recites jurisdiction. If it is permissible to assail the record of a court by parol evidence, though the record avers jurisdiction, I cannot see why, on principle, it should not be permitted to prove jurisdiction by parol evidence, where the record is silent on the subject. The distinction between judgments of superior courts and those of limited jurisdiction will still be maintained. In the former class, jurisdiction will be presumed, though the record is silent on the subject; in the latter class, jurisdiction will not be presumed, and it will be necessary to prove jurisdiction, either by inspection of the record, or by proof aliunde; and, as to both classes, the jurisdiction may be impeached by parol evidence, if the facts giving jurisdiction did not in reality exist.

The judgment appealed from should be affirmed, with costs. All concur.