(29 Misc. Rep. 283.)
## McCANN v. GERDING.
### (Supreme Court, Appellate Term.   October 25, 1899.)

MECHANICS' LIENS—JURISDICTION OF COURTS—SERVICE OF SUMMONS.

Under Code Civ. Proc. §§ 315, 339, authorizing the city court of New York to foreclose mechanics' liens, but restricting the execution of its mandate to the city, it has no jurisdiction over the person of a defendant in such action served without the city, notwithstanding sections 3399 and 3401, giving courts of record, or any court having jurisdiction in an action of contract for a sum due, jurisdiction to enforce such liens.

Appeal from city court of New York, general term.

Action by Edward McCann against Anna H. Gerding to foreclose a mechanic's lien. There was an order refusing to set aside service of summons, affirmed by the general term (59 N. Y. Supp. 381), and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Milton C. Palmer (Louis Sturcke, of counsel), for appellant.
Joseph Steinert, for respondent.

FREEDMAN, P. J. The action was brought in the city court of New York to foreclose a mechanic's lien upon appellant's real property, situate in the borough of the Bronx of the city of New York, upon which the sum of $158 and interest was due. Appellant resides in the town of Yorktown, in the county of Westchester, and at that place was served with the summons and complaint. She appeared specially, and moved to set aside the service of the summons and complaint on the ground that such service upon her in Westchester county was void, and that no jurisdiction over her person had been acquired by reason of such service. The motion was denied at a special term of the city court, and the order denying the motion was affirmed by the general term of said court. The appellant thereupon appealed to this court.

The court now known as the "City Court of New York" has undergone many changes. Originally it was a justice's court. By chapter 71 of the Laws of 1819 its name was changed to "Marine Court of the City of New York." As such it possessed some of the attributes of a court of record, and was treated by statute as a court of record. Nevertheless it was held that such was only for the purpose of fully exercising the powers which had been expressly conferred upon it, and that it was not a court of record in the strict legal sense of the term, like courts of general common-law jurisdiction, and that consequently it could create no office, nor appoint any subordinate officer of the court, unless specially authorized by statute to do so. Huff v. Knapp, 5 N. Y. 65. So it was held that the marine court had but a special and limited jurisdiction, both as to cases and parties, and that whoever relied upon the authority of the court, in a case instituted by himself, had to show that the case was one of which it had complete jurisdiction. Ford v. Babcock, 1 Denio, 158. By chapter 629 of the Laws of 1872 the marine court of the city of New York was declared a court of record to and

for all intents and purposes, and continued with the jurisdiction it then possessed, except as otherwise prescribed, declared, and enlarged by said act. By chapter 479 of the Laws of 1875 the jurisdiction of the marine court was still further enlarged and regulated. By the Code of Civil Procedure adopted in 1876 the jurisdiction of the marine court and the modes of proceeding therein were clearly defined and regulated, and many of the provisions of chapter 629 of the Laws of 1872 and of chapter 479 of the Laws of 1875 were thereupon repealed by chapter 417 of the Laws of 1877. Since such repeal all authority for the exercise of any jurisdiction by the marine court must be found in the Code of Civil Procedure. By chapter 26 of the Laws of 1883 the name of the marine court of the city of New York was changed to the "City Court of New York." It now remains to be seen what jurisdiction in mechanic's lien cases the city court of New York, as the successor of the marine court, possesses, under the provisions of the Code of Civil Procedure. Section 2 of said Code, in enumerating the courts of record of the state, includes the city court of New York as one of them. Nevertheless it was never classified as one of the so-called "Superior City Courts," which by constitutional amendment of 1894 became consolidated with the supreme court; and an attempt made by the legislature, in chapter 418 of the Laws of 1886, to make it a superior city court, was declared unconstitutional in Hutkoff v. Demorest, 103 N. Y. 377, 8 N. E. 899, and 10 N. E. 535. The jurisdiction of the city court since 1883 depended upon the special provisions of title 4 of chapter 3 of the said Code. Sections 315–339. The provisions applicable to the question presented by the present appeal are as follows: Under subdivision 2 of section 315, the court has jurisdiction of an action to foreclose or enforce a lien upon real property in the city of New York, created as prescribed by statute, in favor of a person who has performed labor or furnished materials for certain purposes therein enumerated. This jurisdiction is limited by section 316 to an action in which the amount claimed to be recovered does not exceed $2,000, exclusive of interest and costs. A further limitation is contained in the provisions of section 338, that a mandate of the court (with certain specified exceptions, which do not apply here) can be executed only within the city of New York. The definition of "mandate" contained in subdivision 2 of section 3343 of the Code clearly includes a summons.

Thus, we have a court of record with a clearly defined and restricted jurisdiction. True, in some respects, its jurisdiction is unique. It is the only court among the courts of record of this state which may still issue a warrant of attachment on the ground that the defendant is not a resident of the county. It retains, also, its peculiar jurisdiction in "marine cases," and also, with some amendments, the anomalous proceedings in such cases which are adapted only to a justice's court. In certain specified cases its mandates may run beyond its general territorial jurisdiction. But the unique features of this jurisdiction depend upon their having been retained by the statutory revision which culminated in the adoption of the Code of Civil Procedure. The commission appointed for that pur-

pose made few changes respecting the jurisdiction of the marine court, but endeavored to attain greater clearness and simplicity than the original statutes afforded, without substantially affecting their meaning and practical operation. But, after all, the practical result is that the city court of New York of the present day, although enumerated as a court of record, is only a local statutory court of inferior jurisdiction. As to such a court the rule is that, in the absence of an express statutory grant of power to the contrary, the jurisdiction must be exercised within the locality, and that its process cannot be executed outside of the locality. 22 Am. & Eng. Enc. Law, p. 115, and cases there cited; Hoag v. Lamont, 60 N. Y. 96; Geraty v. Reid, 78 N. Y. 64; People v. Upson, 79 Hun, 87, 29 N. Y. Supp. 615; Pierson v. Fries, 3 App. Div. 418, 38 N. Y. Supp. 765; Baird v. Helfer, 12 App. Div. 23, 42 N. Y. Supp. 484; Ziegler v. Corwin, 12 App. Div. 60, 42 N. Y. Supp. 855. In Mehrbach v. Partridge, 9 Misc. Rep. 209, 29 N. Y. Supp. 681, it was held, even by the general term of the city court, that a summons issued by said court can only be served in the city of New York, and that service on the defendant in the county of Westchester was a nullity. And by the act of 1897 known as the "Greater New York Charter," which continued the city court with the same powers and jurisdiction as it then possessed, it was expressly provided that, as regards the said city court, the word "city" shall be construed to mean and apply to the territory within the city of New York, as it existed and was constituted prior to the 6th day of June, 1895.

After a most careful and exhaustive examination, I have been unable to discover any statutory provision which either expressly or by necessary implication enables the city court to exercise jurisdiction over the person of a defendant in an action to foreclose a mechanic's lien, where the summons and complaint in the action were served outside the territorial jurisdiction of such court. Sections 3399 and 3401 do not help the respondent. Section 3399 confers jurisdiction over actions for the foreclosure of a mechanic's lien, and for the recovery of a money judgment against a person liable for the debt upon which the lien is founded, upon all courts which have jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of such debt. So far as the city court is concerned, this section does not add anything to subdivision 2 of section 315, by which jurisdiction in mechanic's lien cases is specifically conferred upon it. This section, as well as subdivision 2 of section 315, confers jurisdiction upon the court as to subject-matter, and neither relates in any way to jurisdiction over the person of the defendant. As the city court has no jurisdiction except what the statute has conferred upon it, it follows that without these sections, or either of them, the city court would not have jurisdiction in mechanic's lien actions, even in case its process was served upon the defendant within the city. If it were true, as contended on behalf of the respondent, that section 3399 authorized the service of the court's process in any part of the state, there would be no need for section 3404, which specifically gives to inferior local courts not of record power to send their process in such cases into any

part of the state. In the case of the city court no such enabling statute exists. Whether this is the result of design or oversight is immaterial. On the contrary, section 338 expressly provides that except in certain cases therein enumerated, and in which an action to foreclose a mechanic's lien is not included, "a mandate of the court can be executed only within the city of New York." In such case the doctrine of "enumeratio unius est exclusio alterius" applies, and the decision of Raven v. Smith, 148 N. Y. 415, 43 N. E. 63, does not apply. Moreover, a careful reading of the opinion in the case last referred to will show that the defendant's contention was not that the county court had not acquired jurisdiction over his person because he had been served outside of the county (for by reason of section 347 there could hardly be any doubt as to that), but that the county court had not jurisdiction over the subject-matter because he was not a resident of the county. The case does not hold that, even if section 347 did not exist, the county court could send its process into any part of the state as long as it had jurisdiction over the subject-matter. Even in the case of the former superior city courts the authority to serve their process and writs outside of their territorial limits did not arise by implication, but was expressly conferred by statute. See Landers v. Railroad Co., 53 N. Y. 450–452, and Laws 1873, c. 239, § 2. Nor does section 3401 sustain the service made in the case at bar, for it cannot be held that it contains a repeal, by implication, of the express provision of section 338, that except in certain cases therein enumerated, and in which an action to foreclose a mechanic's lien is not included, "a mandate of the city court can be executed only within the city of New York." There being no statutory authority for the service of the summons as made in this case, the order of the general term of the city court should be reversed, with costs and disbursements, and appellant's motion to set aside the service of the summons should be granted, with $10 costs.

Order of the general term of the city court reversed, with costs and disbursements, and motion of appellant to set aside service of the summons granted, with $10 costs.

LEVENTRITT, J., concurs.

MacLEAN, J. (concurring). Inasmuch as the powers of the city court, although denominated a "court of record," are solely statutory, and it is provided (Code Civ. Proc. § 338) that its mandates, which a summons is to be deemed to be (Id. § 418), can be executed only within the city of New York,—i. e. as that city existed prior to the 6th day of June, 1895 (section 1345 of the Greater New York charter),—the service of the summons herein in the county of Westchester was futile, and should have been set aside.