PHIPPS v. OPRANDY.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. FORMER JUDGMENT—AUTHENTICATION—ADMISSIBILITY—MATTER OF ASCERTAINING JURISDICTION OF COURT.

　　Where a landlord sues his tenant's surety for rent, the judgment roll in a former action against the surety, brought in a court of limited jurisdiction, is admissible in evidence when authenticated, as required by Code Civ. Proc. § 933, and Laws 1892, c. 182, §§ 106, 107, relating to such court, though a copy of the complaint in the former action was not served on the defendant; for the court will resort to the complaint in the record in order to determine the question of the jurisdiction of the court in the former action.

2. SAME—RES JUDICATA.

　　Where a landlord sued his tenant's surety for rent, a judgment obtained against the surety in a former action for rent then due and unpaid, though rendered by default, is res judicata upon any defense which the surety might have interposed in the former action, and the surety cannot defeat the second action by showing that before the former action the tenant had been evicted, and had abandoned the premises.

Appeal from Westchester county court.

Action by Edward L. Phipps against John Oprandy. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Roger M. Sherman, for appellant.
Arthur M. Johnson, for respondent.

GOODRICH, P. J. The plaintiff sued the defendant as surety upon a lease to one Canino of premises at Mt. Vernon for a term of 29 months, commencing December 1, 1898, at the yearly rental of $276, payable $23 monthly in advance. The complaint alleges that Canino failed to pay rent for September, October, November, and December, 1899. It is alleged in the answer, in substance, that the plaintiff agreed to give Canino the full enjoyment and occupancy of the premises, with the use and enjoyment of "water privileges and the supply thereof upon said premises," but that he "violated the agreement upon his part, and ejected said Canino from said premises, depriving him of the use and enjoyment of water privileges and the

supply thereof upon said premises during all that time, so that said Canino surrendered said premises, and elected, as was his right thereunder, to terminate the contract for use and occupation aforesaid." At the trial the plaintiff offered in evidence the judgment roll in an action in the city court of Mt. Vernon, wherein the present plaintiff was plaintiff, and the present defendant was defendant. That action was brought on the guaranty for the rent for July and August, 1899, and the plaintiff recovered a judgment by default. The defendant objected to the introduction of the copy of the judgment roll on the grounds that it was not properly certified, that no complaint was served with the summons, and that the summons contained no facts which conferred jurisdiction. The copy was properly authenticated by the certificate of the clerk of the court, under section 933 of the Code of Civil Procedure, and sections 106 and 107 of the charter of the city of Mt. Vernon (chapter 182, Laws 1892). It makes no difference that a copy of the complaint was not served with the summons. In Beaudrias v. Hogan, 23 App. Div. 83, 48 N. Y. Supp. 468, we held that the jurisdictional facts necessary to support the judgment of a court of limited jurisdiction (in that case the city court of Yonkers), where such judgment is assailed, may be shown by parol, where the record fails to recite such facts. Although no copy of the complaint was served upon Oprandy, we may resort to the complaint as evidence upon the question of jurisdiction. It alleges that the plaintiff and defendant at the time of the commencement of the action were residents of the city. It was verified August 10th, the judgment was rendered August 12th, and the clerk certifies that the complaint is a part of the judgment roll.

The judgment roll was not essential to prove the default of Canino in the payment of rent for September, October, November, and December, as there was other and direct evidence upon that point. But the defendant contends that it was not res adjudicata as to constructive eviction. The defendant proved that Canino left the premises before the last of May, and he offered evidence to prove that on May 6th the plaintiff shut off the water supply, that the premises were thereby rendered untenantable, and that subsequently Canino abandoned and left the premises on that account. To this the plaintiff objected, on the ground that the judgment in the former action was res adjudicata.

In such former action the judgment was rendered by default, but the judgment is res adjudicata upon any defense which the defendant might have interposed. The defendant might have set up the defense of constructive eviction. But in the present action he alleges an actual eviction, a surrender of the premises by Canino, his right to terminate the lease, and his occupation of the premises. He proved that Canino abandoned the premises in May; that is, before the commencement of the former action. That eviction and abandonment, if it constituted a defense, might have been set up in the former action, and, as the defendant did not avail himself of it, he is concluded by the former judgment. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.